### No. 1,415.

EGBERT JUDSON, AND GILBERT J. PLACE, APPELLANTS, *v.* PAUL MALLOY, JOHN DOE SOUTHWORTH, DANIEL E. GREEN *et al.*, RESPONDENTS.

PRACTICE.—SEPARATE TRIALS WHERE THERE ARE MANY DEFENDANTS.—In an action for recovery of land, brought against many defendants holding separate portions thereof, and having no common interest, and who rely upon different sources of title; it is the duty of the Court, on the motion of defendants, to order separate trials. It is likewise the duty of the Court, without any motion therefor to order separate trials, whenever, to the satisfaction of the Court it appears that the parcels of land in controversy are separate and distinct, and the several classes of defendants rely on different sources of title.

ERRONEOUS RULING.—RESPONSIBILITY CONSEQUENT UPON.—The responsibility of an erroneous order or decision, made on motion, or at the request of one of many defendants, will attach alike to all the defendants, unless it appears that the order or decision was clearly restricted, or would necessarily apply only to particular defendants or parcels of property.

EVIDENCE.—ORAL CONTRADICTION OF DEED.—The testimony of a witness which tends to contradict or limit the operation of deeds in evidence, one of which was executed to and another by the witness, should be excluded, when objected to on that ground.

IDEM—CONTRADICTION OF WITNESS ON CROSS-EXAMINATION.—On cross-examination, the map of a survey made for the purpose of a partition of lands purchased by a witness and others, is admissible in evidence, for the purpose of contradicting the witness.

PUEBLO OF SAN FRANCISCO.—ADVERSE CLAIM TO LANDS.—A claim to lands within the boundaries of the former Pueblo of San Francisco, taken up under the statutes of this State, is void.

IDEM.—STATUTE OF LIMITATIONS.—The holder of a title derived from such a claim, though in possession of a part of the lands, and claiming title to the whole, upon the rule of *Hicks* v. *Coleman*, 25 Cal. 122, does not come within the proviso to the Sixth Section of the Statute of Limitations of 1855, nor the second proviso to the sixth section of the Amendatory Act of 1863.

VAN NESS ORDINANCE.—POSSESSION UNDER.—A title under the Van Ness Ordinance did not accrue unless there was an actual possession of the premises.

ABANDONMENT.—LOSS OF PRESUMPTIVE TITLE BY.—A title presumptively held by a person who entered under a deed into the actual possession of land within the boundaries of the former Pueblo of San Francisco, and to which the City held the title as the successor to the Pueblo, at the time of the entry of the grantor in the deed, may be lost by abandonment.

IDEM.—To constitute an abandonment, there must be a concurrence of the act of leaving the premises vacant, so that they may be appropriated by the next comer, and the intention of not returning.

IDEM.—INTENTION.—The intention to abandon is not necessarily inferable from the fact that the premises have been left vacant, unimproved and without attention for more than five years before the commencement of the action, but such fact must be taken into consideration in deciding the question of abandonment.

JUDGMENT.—ERRONEOUS, WHEN FOR POSSESSION FOR DEFENDANTS ALREADY IN POSSESSION.—A judgment that the plaintiffs take nothing as against certain defendants, and that those defendants recover from the plaintiffs the possession of portions of the premises specially described, when those tracts were, at the time, in the possession of the respective defendants, is in that respect erroneous.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This was an action of ejectment to recover certain lands in San Francisco, from many defendants.

The various defences set out were—1. General denial. 2. Plaintiff not in possession within five years. 3. Title.

4. Adverse possession of five years.   5. Title in some third person—and in landlord.   6. Abandonment.   7. Title in the City.   8. Occupancy under color of title.

Judgment was rendered for some of the defendants, that they recover of plaintiff part of the lands, the same being already in possession of the defendants; the suit was dismissed as to some of them, and nonsuit entered as to others.

Plaintiffs moved for a new trial, and on denial thereof they appealed from the judgment, and the order denying the motion for a new trial.

The claim of plaintiffs rested upon what is known as the Toribio Tanfaran title, who, it was claimed, acquired the same by occupancy, declaration, and improvements.

The other facts are stated in the opinion.

*B. S. Brooks*, for Appellants.

A witness may refresh his memory by any book or paper. *(Doe* v. *Perkins*, 3 Tewk. 749*)*.

It is of no consequence who made the paper.   *(*Cowen & Hill's Notes to Phil. on Ev. Note 377 to page 412.)

Whenever one party buys land, and takes the conveyance in the name of another, the law implies and raises the trust.   The fact of such purchase must be, and always is proven by parol.   *(Osborne* v. *Endicott*, 6 Cal. 153; *Pierce* v. *Robinson*, 13 Cal. 125; *People* v. *Irwin*, 14 Cal. 435; *Johnson* v. *Sherman*, 15 Cal. 291; *Russ* v. *Mebius*, 16 Cal. 355.)

The testimony of Stevenson, stands simply as testimony given by a grantor to limit the operation of his own deed, and parol testimony to limit the deeds of others.

"Exhibit 14" was shown to Stevenson on the stand, to prove by him that it was the map of the survey which he and those interested with him had made, for the purpose of making a partition of the property purchased.   This evidence was competent on cross-examination, as Stevenson had testified as to the extent of his purchase, and what he and his associates intended to purchase.   The

map he had had made himself immediately after the purchase, and was therefore competent to contradict him.

A person who enters upon land under a deed duly executed, acknowledged and recorded, becomes, if his grantor was not the true owner, a disseizor, and as such, is seized of an estate in the land in fee simple absolute, defeasible only by the entry of the true owner. This estate can only pass by deed, and, consequently, it cannot pass by abandonment.

This position is sustained by the following authorities, from which it, as a conclusion, is drawn. (1 Hillard on Real Prop. Ch. 2; *Taylor* v. *Horde,* 1 Burr. 110; *Putnam* v. *Fisher,* 34 Maine, 172; *Moody* v. *Fleming,* 4 Geo. 115; *Macklot* v. *Dubreuil,* 9 Miss. 477: *Noyes* v. *Dyer,* 25 Maine, 468; *Reading* v. *Rawsteine,* 2 La Rayne, 829, k. 422; *Higby* v. *Rice,* 5 Mass. 352; *Ward* v. *Fuller,* 15 Pick. 189; *Warren* v. *Childs,* 11 Mars. 225; *Goodwin* v. *Hubbard,* 15 Id. 214; *Wells* v. *Prince,* 4 Id. 64; *Williams* v. *Woodward,* 7 Wen. 255; *Blethen* v. *Divinel,* 34 Maine, 135; *Bolster* v. *Cushman,* Id. 429; *Flagg* v. *Mann,* 2 Sumner, 525.)

What has been said by this Court, would seem to intimate an opinion in accordance with the above conclusion. (*Hicks* v. *Coleman,* 25 Cal 131; *Bird* v. *Lisbross,* 9 Id. 7.)

Our Statute of Limitations does not alter the common law, that he who is in possession without deed, "*possessio pedis,*" "holding by bow and spear," has no estate, but a naked possession, while he who enters under deed from such person, becomes seized in fee of an estate by disseizin; and as a necessary result, the one can abandon the possession, and the other can only pass his estate by deed.

If the premises in controversy are within the boundaries of the former Pueblo of San Francisco, then there is no Statute of Limitations which affects this action. See *Hubbard* v. *Barry,* (21 Cal. 324) that the presumption of title arises from possession. What title in this case? Clearly the Pueblo title.

The distinction between settlers on public lands and settlers on private lands, as made in the case last cited,

makes no difference, because whether plaintiff has a grant in fee, or is a tenant at will or sufferance, he equally claims under the Pueblo. *(Bird* v. *Lisbros, supra)*.

There is no Statute of Limitations, in force in this State, which can affect the right of the plaintiff to recover in this action. *(Billings* v. *Harvey*, 6 Cal. 383; *Clarke* v. *Huber*, 25 Cal. 596).

As to the Olds tract the question was determined in *Keane* v. *Canovan*, (21 Cal. 304).

Plaintiff's title, though originating in possession, was not capable of abandonment as we have already shown. *(Ferris* v. *Coover*, 10 Cal. 631; *Stephens* v. *Mansfield*, 11 Id. 365; *Richardson* v. *McNulty*, 24 Id. 344.)

Abandonment must consist of voluntarily giving up a thing, by one having the intention to abandon it. Intention is of the essence of abandonment. In the legal sense abandonment has a peculiar and technical meaning. The fact of non-user, or the absence of appropriation to some suitable use, will not indicate any intention to abandon as a legal conclusion. *(Miller* v. *Cresson*, 5 *Watts & Serg.* 284). It is not to be presumed from lapse of time. *(Patridge* v. *McKinney*, 10 Cal. 183; *Crandall* v. *Woods*, 8 Cal. 144; *Bird* v. *Lisbros*, 9 Cal. 1; *Lawrence* v. *Fulton*, 19 Cal. 691; *Richardson* v. *McNulty et al.*, 24 Cal. 345; *St. John* v. *Kidd*, 26 Cal. 272).

*J. W. Winans*, for Respondents Southworth and Green.

We primarily rest our cause, and ground our argument, upon the soundness of the instruction given in the Court below on the question of abandonment.

Plaintiffs, not having title, could abandon, even though they held possession under a deed or deeds. The doctrine of feoffment is abandoned long since. *(School District* v. *Bensom*, 31 Maine, 384, 485. 4 Kent's Com. p. 482 to 490; *Stevens* v. *Mansfield*, 11 Cal. 363; *Keane* v. *Canovan*, 21 Id. 299; *Lawrence* v. *Fulton*, 19 Id. 683; *Corning* v. *Gould*, 16 Wend. 543; *Holmes* v. *R. R.* 8 Am. Law Reg. 716, 724; *Davis* v. *Reiley*, 30 Cal. 634–6; *Roberts* v. *Unger*, 30 Id. 676;

*Gluckauf* v. *Reed,.* 22 Id. 469; *Richardson* v. *McNulty,* 24 Id. 348; *Whitney* v. *Wright,*.15 Wend. 172–178; *Jackson* v. *Walker,* 7 Cowen, 637. *et seq*; *Jones* v. *Merrimack. R. L. Co.* 11 Foster N. H. 381, 384; *Patcher* v. *Stured,* 2 Williams 28 Verm. 384.)

The analogy existing between the time prescribed by the Statute of Limitations, and that from the lapse of which an abandonment may be presumed, is admitted by our Courts as well as those of other States. *(Benthinger* v. *Hutchinson,* 1 Watts. 46: *Gregg* v. *Blackmore,* 10 Watts. 192; *Green* v. *Covillaud,* 10 Cal. 324, 331; *Pearis* v. *Covillaud,* 6 Id. 621; *Brown* v. *Covillaud,* 6 Id. 572; *French* v. *Braintree Mf'g Co.,* 23 Pick 216).

Concerning the question of possession, see *Plume* v. *Seward,* (4 Cal. 96); *Lawrence* v. *Fulton, (supra)*; *Wolf* v. *Baldwin,* (19 Id. 314); *Woodworth* v. *Fulton,* (1 Id. 380); *Ricard* v. *Williams,* (7 Wheaton, 105); *Baldwin* v. *Simpson,* (12 Cal. 560); *Coryell* v. *Cain,.*(16 Id. 572); *White* v. *Moses,* (21 Id. 42); *Hestres* v. *Brannan,* (21 Id. 423); *Davis* v. *Perley,* (30 Id. 630); *Borel* v. *Rollins,* (30 Id. 408); *Polack* v. *McGrath,* (32 Id. 15); *Jackson* v. *Halsted,* (5 Cowen, 220); *Jackson* v. *Schonmaker,* (2 Johns. 230); *Livingston* v. *Peru Iron Co.* (9 Wend. 520); *Jackson* v. *Porter,* (1 Paine, 457).

*Daniel Rogers,* for Respondents.

Constructive possession is to date not from the date or delivery of a deed, but from the time of actual possession and inclosure. *(Hicks* v. *Coleman,* 25 Cal. 122; *Ayres* v. *Bensley,* 32 Id. 620).

Constructive possession is all that at the best plaintiffs have shown, and that is insufficient to pass title under the Van Ness ordinance. *(Davis* v. *Perley,* 30 Cal. 630).

The possession of the Olds party comes within the case of *Wolf* v. *Baldwin* (19 Cal. 306); *Hawk* v. *Seuseman,* (6 Serg and R. 21); for it was actual, continued, visible, notorious, distinct and hostile.

*B. S. Brooks,* for Appellants, in reply.

Every error in the trial is *prima facie* an injury, and it rests with the other party to show that no hurt was done by the error. (*Jackson* v. *Feather River and G. W. Co.* 14 Cal. 25; *Carpentier* v. *Williamson,* 25 Cal. 167). Erroneous instructions bind all the defendants, and the ·effect is not limited to the instructions asked by them severally. The earliest cases which are directly in point here, touching the question of abandonment, are found in Pennsylvania, but all relate to cases of pre-emption either under the State or United States laws. (1 Yeates, 289; Id. 193; 2 Id. 88; Id. 318; 2 S. & R. 378; 5 Id. 215; 2 Watts, 409; 30 Penn. S. & R. 403; 43 Id. 427). In all these cases the occupant had no legal right, but a mere equity, which arises out of occupancy, is inseparable from it, and ceases with it. So also in Minnesota in *Weïsberger* v. *Tenney,* (8 Min. 436).

The Spanish law of abandonment was in force in Missouri until the common law was introduced in 1816. (*Landes* v. *Perkins,* 12 Miss. 238. See also *Tucker* v. *Phillips,* 2 Met. (Ky.) 416; *Dikes* v. *Miller,* 24 Texas, 417.)

"The doctrine of abandonment by non-user, applies only to an easement, and not to the title to the fee." (*Robie* v. *Sedgwick,* 35 Barb. S. C. N. Y. 319; *Doe* v. *Butler,* 3 Wen. 149; *Arnold* v. *Stevens,* 24 Pick. 113; *White* v. *Crawford,* 10 Mass. 183.)

None can acquire title in the City of San Francisco, under the Statute of Limitations, of land within the Pueblo domain. (See the opinion of Judge Field in *McCracken* v. *The City of San Francisco,* 16 Cal. 636).

It is not competent to show by parol that land described in a deed was not intended to be conveyed by it, except in a suit to reform the deed. (*Donohue* v. *McNulty et. al.,* 24 Cal. 417).

In an action at law it is admissible to show that a deed absolute on its face is a conveyance in trust, and that the party who was in actual possession and occupation was the equitable owner and the *cestui que trust* of him who held the

legal title. (*Johnson* v. *Sherman*, 15 Cal. 291; *Pierce* v. *Robinson, supra; Cunningham* v. *Hawkins*, 27 Cal. 606).

The whole doctrine of abandonment goes upon the idea that the possession continues until there is an intention to relinquish it accompanying the dereliction of possession. (*Sunol* v. *Hepburn*, 1 Cal.; *Lessee of Bayard* v. *Colfax et al.*, 4 Wash. C. C. R. 41; *Lessees* v. *Payne*, 4 Wend. 429; *Walrod* v. *Ball*, 9 Barb. 271; *McMahon* v. *Harrison*, 6 N. Y. 2 Seld. 443; *Sleeper* v. *Van Meddlesworth*, 4 Den. 431; *Flanders* v. *Merritt*, 3 Barb. 201; *Nixon* v. *Palmer*, 10 Barb. 175.

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., CROCKETT, J., and TEMPLE, J., concurring:

The plaintiffs, in their statement on motion for a new trial, assigned very many—more than forty—grounds of error. This was caused, doubtless, by the fact that the action was brought for the recovery of a large tract of land, or rather a number of tracts, which, in the aggregate, constitute a large body of land, and against many defendants who were holding separate portions of the land, without any common interest. After the action was dismissed as to many of the defendants, a trial was had as to the remaining defendants, and it appears that the land in controversy between the plaintiff and those defendants, consists of three distinct parcels, which are known as the Olds tract, the Donnovan tract, and the Southworth and Green tract, and that the defendants in possession of each tract relied upon a different source of title. The action, in its present form, is practically interminable. It is. scarcely possible, and it is certainly not probable, that the several counsel for the different parties of defendants should agree as to the management of the defence, or in respect to the questions of law arising at the trial. They may, and probably will, disagree as to the grounds of objection to the plaintiff's evidence, and as to the evidence to be adduced on their behalf, and as to the charges proposed to be given to the jury. Under such circumstances, error is almost inevitable. There should have been separate trials between the

plaintiffs, and the defendants in possession of each of the three tracts above mentioned; and had the defendants moved for separate trials it would have been the duty of the Court to have so ordered. And we are also of the opinion that it would have been proper for the Court, without any motion therefor, to have ordered separate trials, when it became apparent that the several parcels of land in controversy were separate and distinct, and that the several classes of defendants relied upon different sources of title. If separate trials in such cases be not allowed, the rule permitting the plaintiff to join, as defendants, all who are in possession of the tract for which he sues, will produce great inconvenience and injury.

A preliminary question is presented, as to whether all the defendants will be held responsible for an order or decision of the Court, made on the motion or at the request of one of the defendants, which shall be held to be erroneous. We are of the opinion that the responsibility will attach alike to all the defendants, unless it appears that the order or decision was clearly restricted, or would necessarily have an application only to particular defendants or parcels of property.

We shall pass upon a few of the numerous points presented by counsel. It was testified by Stevenson that "it was perfectly understood by Robinson, that the property we purchased from Haraszthy, did not include the Olds property and was not to be included in the deed; that our claim did not touch the Olds property." It is now urged by the plaintiffs, that the evidence should have been excluded, because it contradicted and tended to limit the operation of the deeds in evidence, one of which was executed to, and another by the witness. The evidence should have been excluded had objection been taken on that ground, but no ground of objection was stated. On cross-examination of the witness, the plaintiffs proposed to prove that "Exhibit No. 14" was the map of a survey, which was made for the purpose of a partition of the lands purchased by the witness and others, and on the defend-

ants' objection, the evidence was excluded. The evidence was admissible for the purpose of contradicting the witness.

The plaintiffs requested the Court to charge that " if the premises in controversy are within the boundaries of the former pueblo of San Francisco, then there is no Statute of Limitations which affects this action." It appears that the lands are within the limits of the pueblo; that the pueblo had title; and that the city succeeded to the title. The plaintiffs' title commences with Tanfaran's claim, taken up under the statute of this State. Of that claim it need only be said, that the claim is void, because the lands were not public lands of the United States. The plaintiffs rely mainly on the fact that his grantors, or some of them, received a deed, which, it is claimed, purported to convey the lands described in Tanfaran's claim; and under the deed, entered into possession of a part of the lands, claiming title to the whole; and upon the rule of *Hicks* v. *Coleman* (25 Cal. 122), that such deed, entry and claim, gave them constructive possession of all the lands within the boundaries described in the deed, which were not then in the adverse possession of others. Without following the line of argument of counsel, it is sufficient to say that the right or title thus acquired, is not the right or title held by the pueblo or the city, and was not derived from the Spanish or Mexican governments or the authorities thereof; and that therefore the plaintiffs do not come within the proviso to the Sixth Section of the Statute of Limitations of 1855, nor the second proviso to the Sixth Section of the Amendatory Act of 1863.

Another question arises on the plaintiffs' instructions which may be noticed here. It is contended that the title, presumptively held by the person who entered into possession under his deed, as just mentioned, cannot be lost by abandonment. The position is without foundation. He has no higher right to that portion, of which he has the actual possession, than had his grantor, and his grantor could abandon the premises, and thus lose all right in them.

His constructive possession is of no higher order, for any purpose than his actual possession. His entry under color of title serves to give him the constructive possession of a portion of the premises, but neither the deed nor the entry under it confers upon him the title in fact, in presence of the admission of title in the city, at the time of the entry of his grantor.

The plaintiffs further contend that title accrued to them under the operation of the Van Ness Ordinance, although they may never have had the actual possession of the premises, as defined in *Wolf* v. *Baldwin*, (19 Cal. 306.) It was held in *Davis* v. *Perley* (30 Cal. 630) that this position was untenable. The possession mentioned in the proviso, is the same as that previously mentioned in the section—the actual possession.

Many instructions were given upon the subject of abandonment; and the plaintiffs complain that " that this giving of three sets of instructions, for three sets of defendants, at the request of three different associations of counsel, must have a very bewildering effect upon the jury." That would seem to be almost a necessary consequence of a trial in which there are several different sets of defendants, and it was partly because of that difficulty, that we hold that there ought to be separate trials as to the three distinct parcels of land. Our opinion on the subject of abandonment, will be sufficiently indicated by noticing one of the instructions, which is as follows: " Ninth—This abandonment is indicated by the intention of the party to abandon—as his not using the land, or appropriating it to any suitable use. If that intention to relinquish [the possession] existed for never so short a time, then the abandonment is complete. If you should find from the evidence that plaintiffs or their grantors had possession of this triangular piece of land claimed by Donnovan, but subsequently abandoned it, and that it remained so abandoned at the time of Donnovan's entry, then you will find for defendant Donnovan.

Abandonment is not proven by showing an intention to abandon. To constitute an abandonment there must be a

concurrence of the act of leaving the premises vacant, so that they may be appropriated by the next comer, and the intention of not returning. "His not using the land or appropriating it to any suitable use" would not tend in the slightest degree to show an intention to abandon it. The intention to relinquish the possession may have been entertained, not only for a moment, but during the whole period of his possession; but if the intention was not manifested by leaving the possession vacant, without the intention of returning, there was no abandonment.

The twenty-fourth instruction given at the request of defendants, Southworth and Green, and the charge given by the Court on the return of the jury for instructions, are faulty in this respect: The jury were charged that if the plaintiffs, and those under whom they claim, had left the premises vacant, unimproved, and without attention for more than five years before the commencement of the action, they were authorized to find therefrom the fact of abandonment. They should have been instructed that such fact must be taken into consideration in deciding the question of abandonment. The essential fact of intention to abandon, is not necessarily inferable from the fact stated.

By the judgment it is ordered and adjudged that the plaintiffs take nothing by this proceeding as against certain defendants; and it is also adjudged that those defendants severally recover from the plaintiffs the possession of portions of the premises specifically described. Those tracts were in the possession of the respective defendants, and there is nothing in the pleadings to warrant a judgment, that they recover from the plaintiffs the possession of those several portions of the premises.

The index to the voluminous transcript in this case is a sham. The statement on motion for a new trial comprises about seven eighths of the transcript, and upon it all the questions in the case arise, but it has no index.

Judgment and order reversed, and cause remanded for a new trial, without costs.

SPRAGUE, J., expressed no opinion.