[No. 3,000.]

WILLIAM ARAM, TRUSTEE OF THE ORCHARD STREET DISTRICT PUBLIC SCHOOL, AND JAMES MURPHY, BERNARD S. FOX, MARK FARNEY, AND JOHN R. MERRITT v. MOSES SHALLENBERGER, HENRY ROBINSON, AND SAMUEL Q. BROUGHTON.

FILING UNDERTAKING ON APPEAL.—An undertaking on appeal must be filed within five days after the notice of appeal is filed.

NOTICE AND UNDERTAKING ON APPEAL.—The Supreme Court has no authority to relieve a party from the consequences of a failure to comply with the statute in relation to the service and filing of notices and undertakings on appeal. The statute of 1861 applies only to insufficiencies in point of mere form of such notices and undertakings.

Per RHODES, C. J., CROCKETT, J., concurring:

CONTEMPT OF COURT.—An order of Court adjudging a party guilty of contempt is not appealable.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

In February, 1869, the plaintiffs sued out a temporary injunction restraining the defendants, their agents, and servants, until the further order of the Court, from obstructing or closing a certain traveled way described in the complaint.

The defendants filed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled; the defendants were allowed to answer, and after trial of the case the Court ordered that the temporary injunction be made perpetual. A new trial was denied and the defendants appealed. At the April Term, 1871, the Supreme Court ordered the Court below to sustain the defendants' demurrer to the complaint. On filing the remittitur, May 17th, 1871, the District Court sustained the demurrer and granted the plaintiffs leave to amend their complaint within ten days, but made no order in regard to the injunction. On the 22d day of May the defendant Shallenberger, by advice of his counsel, closed the way by running a fence across it. Plaintiff Fox filed his amended complaint on the 27th of May and served a copy of it upon the defendant. Subsequently, he filed an affidavit setting out the facts as to the defendant's action in closing up the way; and the defendant Shallenberger was required to show cause why he should not be punished for contempt of Court. After a hearing of the matter, the Court made an order adjudging him guilty of contempt for a violation of the temporary injunction, and he appealed.

The other facts are stated in the opinion.

*Moore, Laine & Leib,* for Appellant.

The question of contempt or no contempt may be reviewed. The law of the land governs as to what is or is not a contempt, and not the arbitrary opinion of a Judge. (*Calderwood* v. *Peyser, ante,* p. 110.) It is provided in the Practice Act that an appeal may be taken from "any special order made after final judgment." (Pr. Act, Secs. 336, 347.)

This, we submit, is a special order made in this case after final judgment.

Our appeal was from the whole judgment, and the reversal

of such judgment carried with it the injunction.    In other words, the injunction fell with the judgment in the case, and the bill itself fell when the demurrer was sustained, and as the Court did not revive the temporary injunction, nor issue a new restraining order, there was no injunction in being to be violated on the 22d of May, 1871, when the defendant did the act complained of.    (*McGarrahan* v. *Maxwell*, 28 Cal. 75;  *Calderwood* v. *Peyser, supra*.)

*J. Alexander Yoell*, for Respondent, relied upon the point that, no notice of appeal having been served on the respondents, or either of them, nor upon their counsel, the appeal was not taken according to law, and must be dismissed.

By WALLACE, J., TEMPLE, J., concurring:

The appeal is taken from an order of the District Court entered in the cause.    It is claimed by the respondent that the order itself is not the subject of appeal, and that if it were, an appeal has not been properly taken and perfected. It is unnecessary, however, to consider the question as to whether or not the order is the subject of an appeal, as I think the appeal must be dismissed upon the other ground.

The order was made and entered on June 5th, 1871; and on the seventeenth of June a notice of appeal was *filed*, but had not been *served* at or before the time at which the undertaking on appeal was subsequently filed.    Of course the filing of an undertaking on appeal, without service of the notice of appeal, was utterly nugatory.    It seems to have been so considered by the counsel for the appellant, for on the second day of August following (and within sixty days from the entry of the order in question,) he caused a copy of the notice of appeal (which had remained on file ever since June seventeenth,) to be served upon the respondent's attorney, and within five days after such service he filed an un-

dertaking on appeal in proper form. But as the filing of the first undertaking was inoperative, because filed before service of the notice of appeal, so the filing of the second undertaking was also inoperative to perfect the appeal taken, inasmuch as the last undertaking, though filed within five days after *service* of the notice, was not within five days after the *filing* of the notice of appeal. (Pr. Act, Sec. 348.)

The times at which, and the successive order in which the several steps are to be pursued to take and perfect an appeal, are distinctly prescribed by statute, and must be observed; otherwise the appeal must fail here, if timely objection be taken by the respondent. We have no authority to relieve a party from the consequences of a failure in these respects. Under the Act of 1861, p. 589, Sec. 3, it is true that relief may be had against the insufficiency, in point of mere form, of the notice filed and served, or of the undertaking filed; in other words, an appeal, if taken, may, upon compliance with the provisions of the Act of 1861, be supported, though it had been *insufficiently taken* in the first instance; but there is a clear distinction between an appeal insufficiently taken and one not taken at all. Were the statute of 1861 construed to afford relief in cases in which the steps as pursued were themselves utterly abortive, it is obvious that the provisions of the Practice Act prescribing the modus of taking and perfecting an appeal would be practically abrogated. The filing of the notice of appeal must always precede the service—the service of the notice must precede the filing of the undertaking, which filing must itself be within five days after the *filing* of the notice of appeal. (Pr. Act, Sec. 348.)

Because the undertaking in this case was not filed within five days after the notice of appeal was filed, the appeal should, in my opinion, be dismissed; and it is so ordered.

By RHODES, C. J., CROCKETT, J., concurring:

We concur in the judgment on the ground that the order in question is not the subject of an appeal.

Mr. Justice SPRAGUE expressed no opinion.