TOWNSLEY, appellant, *v.* HORNBUCKLE, respondent.

WAIVER OF MOTION TO DISMISS APPEAL. The transcript on this appeal was filed at the January term, 1876, and the case was continued at the following August term by a written stipulation, in which counsel continued all cases in which they were interested. The respondent, at the January term, 1877, moved to dismiss the appeal because the notice of appeal was served four days before it was filed. *Held,* that the respondent by his delay waived the right to make the motion.

JUDGMENT — *effect of ruling requiring replication — separate trial.* T. brought this action against four persons to obtain an injunction and recover damages for the diversion of water. H. answered separately and set up title to the water, and the other parties filed a general denial. The court overruled T.'s motion to strike out parts of H.'s answer, and ordered T. to reply thereto, and allowed H. a separate trial. T. refused to offer any evidence when the cause was called for trial, and judgment was entered for H. for his costs. *Held,* that the ruling upon the motion and replication did not injure T., and that the court properly exercised its discretion in granting H. a separate trial.

*Appeal from Third District, Jefferson County.*

THE judgment was rendered by WADE, J.

CHUMASERO & CHADWICK, for the motion to dismiss the appeal.

JOHNSTON & TOOLE and S. ORR, contra.

BLAKE, J. The respondent has filed a motion to dismiss this appeal on the ground that the court has no jurisdiction. The notice of appeal was filed January 10, 1876, and served January 6, 1876. The transcript was filed January 15, 1876, during the term of this court, commencing January 3, 1876, and the cause was continued. At the August term, 1876, the cause was continued in pursuance of a written stipulation, signed by the attorneys, by which all cases in which they appeared were continued. This motion was filed on the first day of this term.

The respondent relies upon the cases of *Courtright* v. *Berkins, ante,* 404, and *Aram* v. *Shallenberger,* 42 Cal. 275. The appellant maintains that the respondent by his laches has waived his right to make this motion, and that it should have been made at the preceding terms before the expiration of the time in which another appeal might be perfected. In the case of *Courtright* v. *Berkins, supra,* we held that Berkins had not waived his right to make this motion. The court holds, in *Aram* v. *Shallenberger, supra,* that the supreme court of California has no authority to relieve a party from the consequences of a failure to comply with the statute in relation to the service and filing of notices and undertakings on appeal. It is also said that "there is a clear distinction between an appeal insufficiently taken and one not taken at all." In the case at bar the proper notice of appeal has been filed and served on the respondent, but the service preceded the filing of the notice, and the appeal has been insufficiently taken. If the motion had been made at the said January or August terms, we should have sustained it. If no notice of appeal had been filed or served, the appeal would be considered one which had not been "taken at all," and the respondent could not waive his right to make this motion, or give jurisdiction to this court by his consent.

In *Stevenson* v. *McNitt*, 27 How. Pr. 335, the court held that a party who allowed two general terms of the supreme court to pass by without taking any action, waived his right to make a motion to dismiss an appeal on the ground that the appeal was brought after the time allowed by law for bringing appeals had expired. We find the following cases in the digest, but cannot consult the reports which are cited. "A failure to make a motion to dismiss an appeal, because the record was not filed within the time prescribed by law, until after the case is submitted on final hearing, must be regarded as a waiver of the right. *Bixler* v. *Parker*, 3 Bush (Ky.), 166." 1 U. S. Dig. 1st Ser. 335, § 990. "Where an appeal stood on the docket of the superior court for three terms, and at the fourth the appellee moved to dismiss it for irregularity — *Held*, that such objections were waived by the delay. *Johnson* v. *Murchison*, 1 Wins. (N. C.) 83." Id., § 1,000. In *Tripp* v. *De Bow*, 5 How. Pr. 117, the court says that the service of the notice of appeal is a jurisdictional question, "and the party has a right to take advantage of it at any time, provided he has not appeared and answered or proceeded in such a manner as to give the court thereby jurisdiction in the case." The respondent appeared in this case by filing the written stipulation for a continuance, and has been dilatory in making this motion, which is therefore overruled.

The case was then submitted on the merits of the appeal.

Johnston & Toole and S. Orr, for appellant.

Appellant is entitled to a joint verdict against all the respondents. A recovery of joint damages against part would release the balance. Defendants can demand separate verdicts, which secures their rights as effectually as if they had separate trials. *Winans* v. *Christy*, 4 Cal. 70; *Ellis* v. *Jeans*, 7 id. 417.

The new matter in the respondent's answer was no defense. There was nothing requiring a reply by appellant. Judgment was entered against appellant because of his failure to reply to every part of the new matter. This was error.

CHUMASERO & CHADWICK, for respondent.

Appellant has not been injured by the decision of the court upon the motion to strike out. We insist that the matter moved to be stricken out was material and should have been replied to by appellant.

It was the duty of the court to order a separate trial for respondent. *Judson* v. *Malloy*, 40 Cal. 299. It is a question of discretion. *Sawyer* v. *Merrill*, 10 Pick. 18 ; *Dorrell* v. *Johnson*, 17 id. 267. The supreme court will not interfere if this discretion is not abused. *Clarke* v. *Gonu, ante,* 538.

BLAKE, J. This action is brought by appellant against four parties to enjoin them from diverting water from certain ditches, and recover damages for the diversion of the same before the filing of the complaint. The respondent filed a separate answer and denied specifically every allegation of the complaint, and set up a title to the use of the water. The other parties answered and denied generally the allegations of the complaint. The court overruled a motion of appellant to strike out parts of the respondent's answer, and required him to reply thereto. The respondent demanded a separate trial, which was granted. The appellant refused to file a replication and the following judgment was entered : That the cause came on for hearing on the day set for its trial upon the complaint and respondent's answer ; that appellant was in default for refusing to reply to the new matter contained in the answer; that respondent was ready for trial and appellant failed, neglected and refused to offer any evidence, and that respondent recovered his costs of appellant. The action against the other parties was continued.

The motion to strike out affected parts of the answer, but the whole pleading must be considered in determining its effect. It is not necessary for us to decide whether or not the court erred in requiring the appellant to reply to the new matter in the answer. While error imports injury to the party against whom it is committed, we think that the record shows clearly that the appellant has not been prejudiced by this ruling. If the facts stated in the answer would have been taken as true without a replication, the decision protected the rights of the appellant, who cannot com-

plain of it. If the new matter did not require a replication and the court erred, the judgment was not affected and the appellant was not injured. *Mott* v. *Reyes*, 45 Cal. 390. It has been held that no injury results when the court permits a plaintiff to reply to the answer which does not require a replication. *Jones* v. *Jones*, 38 Cal. 584. The respondent denied specifically the allegations of the complaint and a judgment could not be entered for the appellant upon the pleadings. If we concede that the new matter was deemed denied by the statute, the burden of proof was not shifted and the appellant was obliged to establish at the trial every allegation of his complaint. His failure to offer any testimony to support these allegations was followed regularly by a judgment against him for the costs. If the court had made a decree confirming the title of the respondent to the water, the appellant might complain of the ruling, but no affirmative relief of this nature was granted.

Did the court err in allowing the respondent a separate trial? It will be observed that the issues between the appellant and respondent were not the same as those between the appellant and the other parties to the action. The court, in its discretion, might have ordered a separate trial to the respondent upon this ground. *Judson* v. *Malloy*, 40 Cal. 299. But in actions of this class the defendants are jointly and severally liable for the damages claimed. *Daily* v. *Redfern*, 1 Mon. 467. In an action of tort against several, the court can exercise its discretion and direct the trial of one of them first. *Sawyer* v. *Merrill*, 10 Pick. 18; *Dorrell* v. *Johnson*, 17 id. 267. We are compelled to say that the court did not abuse its discretion in this matter. The cases of *Winans* v. *Christy*, 4 Cal. 70, and *Ellis* v. *Jeans*, 7 id. 417, cited by the appellant, and holding that the defendants in ejectment will be concluded by the general verdict, if they do not demand separate verdicts, are not in conflict with these views. The court expresses no opinion respecting the right of the parties to separate trials.

Under the pleadings the judgment for costs could be entered for the respondent.

                                              *Judgment affirmed.*