240

Compañía Popular de Transporte, Inc., et al, Plaintiffs and Appellees, *v.* Luis Suárez et al, Defendants and Appellants.

No. 7298. Argued June 18, 1937.—Decided Nov. 5, 1937.

*R. Cuevas Zequeira* for appellants. *Artemio P. Rodríguez* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an appeal taken from a judgment of conviction of contempt of court entered by a district court against the defendants in a suit for injunction, for a violation of a writ of preliminary injunction issued therein.

The record shows that the Compañía Popular de Transporte, Inc. and the Línea Férrea del Oeste, Inc., brought an action in the District Court of Bayamón, against Luis Suárez, Domingo Antonio Romero, and Antonio Romero, who were doing business under the name of "Línea Romero", praying the court for a preliminary injunction forbidding them from collecting from the persons traveling in the motor vehicles which they operate between Bayamón and San Juan, a five cent fare or any other than the fifteen cent fare established by the Public Service Commission, and praying also for a permanent injuction once the cases were decided on its merits.

Two certificates are attached to the complaint, which is verified. The court considered that sufficient facts were alleged and issued the preliminary injunction prayed for upon the giving of a bond. After it was given, the writ was issued and the defendants were notified.

At this stage, the plaintiffs filed a motion alleging that the defendants were still doing the acts forbidden by the writ, and asking that in virtue thereof they be punished for contempt of court. The defendants were summoned and they answered as follows:

"1.—That the above entitled case was originated by virtue of an ordinary complaint of injunction still pending before this court the defendants having appeared in the record by filing a demurrer.

"2.—That the writ of preliminary injunction issued by this court, with the violation of which the defendants are charged, was issued without justification and without probable cause, having failed to comply with the provisions of Section 5 for the issuance thereof, inasmuch as no separate petition was filed with it, in accordance with the law and the decisions.

"3.—That this court lacks jurisdiction to take cognizance of this case because the plaintiffs have an adequate remedy before the Public Service Commision, which is the body empowered to take cognizance of any complaint regarding the grant of franchises and other similar privileges of public character.

"4.—That at present there is an action pending before the said Public Service Commision regarding the violation of rates, between

the same parties and for the same purposes of the above entitled case filed in this district court.''

The facts alleged in the motion were admitted. The court started from that premise, dismissed the defenses set up, and rendered a judgment of conviction of contempt of court against the defendants sentencing them to pay a fine of fifty dollars and in default thereof to be confined in jail one day for each dollar left unpaid.

█ Feeling aggrieved by this judgment, the defendants took an appeal. They maintain in their brief that as the writ of preliminary injunction was issued without jurisdiction, noncompliance therewith does not constitute contempt. The plaintiffs objected in their brief and raised a question that must be studied and decided in the first place: that a judgment of conviction of contempt is not appealable. In support of their contention they cite 3 Estee's Pleading and Practice, 723, sect. 5298, and the cases of *Aram* v. *Shallenberger,* 42 Cal. 275; *Cosby* v. *Superior Court,* 110 Cal. 45, and *Hutton* v. *Superior Court,* 147 Cal. 156; as deciding that ''an order of court adjudging a party guilty of contempt is not appealable''.

That is true, but, as maintained by the appellants in another brief filed on the same question, it is due to the fact that there is a statutory provision in California which expressly forbids the appeal in cases of contempt, namely, Section 1222 of the Code of Civil Procedure.

There is no such provision in Puerto Rico. The law does not provide therefor, and following the authorities which we consider more sound we do not see why the rule established by Section 295 of the Code of Civil Procedure which authorizes an appeal from a final judgment in ''an action or special proceeding'', should not be applied to a prosecution for civil contempt such as the one under consideration (*In re González,* 22 P.R.R. 26). See 13 C. J. 100 *et seq.*

Was the district court empowered to issue the preliminary injunction which was disobeyed?

In the first place, the appellants maintain that even though it seems that the intention of the plaintiffs was to bring an ordinary suit for injunction, their complaint is insufficient because it failed to set forth a prayer for a permanent injunction, and in the second place, that even if the complaint were considered as sufficient, a preliminary injunction could not be issued, as plaintiffs had failed to file a separate petition therefor.

We do not agree with that view. One single document, if complete, is sufficient. It is evident that the plaintiffs brought an ordinary suit for injunction. We know that they prayed for a final judgment once the case were decided on its merits. And it is also evident that the same complaint could be used to request the issuance of a preliminary injunction. A separate petition may be filed, but why should that be done if the facts alleged are the same? The case of *Municipality of Gurabo* v. *Juncos Central Company,* 18 P.R.R. 398, which the appellants cited, does not support their contention. The fact that this Court said there that "within a suit for injunction the issuance of a preliminary injunction may be requested" cannot be construed as meaning that the petition must necessarily be filed separately.

 The other ground urged by the appellants in support of their contention that the trial court lacks jurisdiction, is the existence of another adequate remedy to enforce the order of the commission, a fact which rendered improper the injunction.

They first cite Section 23 of the Public Service Act of Puerto Rico, (Act No. 70 of 1917, Laws, (II), p. 480), where it is provided that:

"The commission shall have the power and it shall be its duty to fix and determine the maximum, just, due, equal and reasonable rates, fares or charges to be established, demanded, exacted, charged or collected by public-service companies for any service rendered or furnished, and the just, due, equal, reasonable and proper regulations and practices, as affecting such rates, to be observed by any of the said companies. The commission may classified such rates."

Then they invoke Section 24 (Laws of 1917, (II) p. 482), which, in enumerating the powers of the commission provides that it shall have "general administrative power" which includes "the power to inquire into, hear, determine and regulate the service, fares, rates, tolls or charges of any and all public service companies, including individual and joint rates", and finally they rest on Section 49 of the same act (Laws of 1917, (II), p. 510) which provides:

"In addition to the foregoing expressly enumerated powers, the commission shall have authority and it shall be its duty, to enforce, execute and carry out, by its orders, rulings, regulations or other-wise all and singular, the provisions of articles two and three of this Act, relating, respectively, to the duties and limitations, and to the creation and powers and limitation of powers of public-service companies; and, all and singular, the other provisions of this Act, and the full intent thereof; and shall have the power to rescind or modify any such orders, rulings or regulations."

They conclude their reasoning thus:

"It is clear that in accordance with the transcribed Section, the case of the petitioners' falls within the jurisdiction of the Public Service Commission, as shown by the fact that the plaintiffs in this action filed a complaint before said administrative body, which complaint should have been prosecuted up to the obtention of a final order of the commission providing, if necessary, for the cancellation of the certificate of public convenience under which the defendants operate their lines. And then it would be the duty of the commission to appear in the record and prosecute in the name of The People of Puerto Rico, through the Attorney General, the proper action to make the defendants comply with the final roder which, in the exercise of its exclusive powers, the commission considered just and reasonable to issue.

We do not agree, either, with the above reasoning, for even though the commission has all the powers which have been enumerated, it lacks coercive powers to directly enforce compliance with its orders, as may be inferred from the act itself cited, Sections 93 and 94 of which (Laws, (2), p. 536) provide for the action to be brought in order to en-

force compliance with the orders of the commission, and for that which must be initiated to prevent violations to said orders.

In both cases the commission itself acts through the Attorney General, but that does not mean that an aggrieved party may not sue for its rights on its own behalf, in proper cases. We feel that the appellees are right in maintaining in their brief that:

"Where an order of the commission is violated, two parties are aggrieved: the sovereign, represented by the Public Service Commission, whose authority is ignored; and the other, the complainant, upon the complaint of which the order was issued. In the first case, the Attorney General is the one called upon to act on behalf of the commission, and the District Court of San Juan shall have exclusive jurisdiction to take cognizance of these cases. It is not necessary then to allege special injury. In the other case, the individual or particular entity is the one called upon to act if he or it can allege special injury, as in our case, and the jurisdiction of the court is determined the same as in ordinary cases.

" 'When a corporation is acting or threatening to act in excess of its corporate powers, or is misusing the franchise it possesses, to the injury of others, an injunction to restrain it is the proper remedy; . . . Injunction may be obtained by the public if the acts are such as may result in injury to the public; . . . An injunction may be obtained by another corporation or an individual when special injury from the acts of the corporation is shown, but not otherwise. 32 Corpus Juris, pp. 234, 235 sec. 370; *Chicago Gen. R. Co.* v. *Chicago, etc. Co.,* 181 Ill. 605; 54 N. E. 1026.'

" 'If a public service corporation fails to carry out duties imposed upon it by its charter or franchise it may be compelled to perform them by mandatory injunction, at the suit of the state. . . Also an injunction may issue at the suit of an individual or other corporation where the invasion of his or its rights would work a serious injury for which there is no adequate remedy at law. 32 Corpus Juris, p. 236, sec. 373.'

". . . . The Public Service Act did not alter in any way the right of an individual or entity aggrieved by the acts of another, to seek protection by means of an injunction in the cases specified by the Act of 1906 authorizing injunctions.

"Of what use would it be to the appellees that the commission issue orders which are to be disobeyed by the appellants, unless it can compel the latter to comply therewith by means of an injunction? Section 93 of the Public Service Act empowers the commission to sue for an injunction through the Attorney General, but it is not compulsory for it to do that, unless the general interests of The People of Puerto Rico are involved. In the case of particular interests, it will leave the party to seek by itself its own remedy.

" 'Except as changed by statute, the rule is that an injunction will not be granted where there is an adequate remedy at law. To defeat the equitable jurisdiction, however, it is not sufficient that the law should merely afford some remedy; that remedy must be as practical and efficient as is the equitable remedy in rendering justice and as prompt in its administration.' 22 Cyc. 729 F–1.

"We maintain that the remedy, to be adequate, must be obtainable, not as a discretionary matter of a court or administrative body capable of granting it, but as an absolute right of the plaintiff, once he has proven the facts which will support the granting of the remedy sought. If the court or body in question may or may not grant said remedy, then it is not adequate, and there is nothing left to the complainant but to sue for an injunction to enjoin the violation of the order or right.''

█ As the issues of law raised have been decided against the defendants, and the latter have admitted that they disobeyed the order of the court, that is, that they continued to carry passengers at a lower rate than the one fixed by the commission notwithstanding the fact that they had been forbidden to do so, the contempt is clear (Subdiv. 2, Sec. 1, Act of March 8, 1906, amending Act of March 1, 1902, defining the offense of contempt of court and providing for the punishment thereof, p. 84 of the Penal Code, 1937 ed.) and the judgment of conviction must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.