[No. 14718.   Department Two. — July 9, 1892.]

ARANETTA HILL, APPELLANT, v. THE BOARD OF SUPERVISORS OF VENTURA COUNTY, RESPONDENT.

PUBLIC HIGHWAY — PETITION TO SUPERVISORS — WIDTH OF ROAD — CONSTUCTION OF POLITICAL CODE — VALIDITY OF PROCEEDINGS. — Section 2682 of the Political Code, providing what the petition to the board of supervisors for the laying out of a public highway must contain, does not require it to state the width of the road, and the failure to state it does not render the proceedings void, notwithstanding section 2681 of the same code requires the road to be at least forty feet wide, and authorizes the viewers to report upon the necessity of a greater or practicability of a less width of road than petitioned for. A petition for a road not stating the width must be construed to be a petition for a road at least forty feet wide.

ID. — APPROVAL OF BOND. — Where the bond required by section 2683 of the Political Code to accompany the petition is presented with it, though the petition is marked filed a few days before the date of the bond, an order of the board of supervisors, that the bond be filed, and that the

petition be acted upon by the appointment of viewers, is sufficient evidence of an approval of the bond by the board.

ID. — JUSTIFICATION OF SURETIES — RIGHTS OF PROPERTY OWNERS. — The fact that the bond was approved, although the sureties had not justified as required by law, is a mere irregularity, which could not affect the private rights of a property owner. The validity of the proceedings cannot be made to depend upon the correctness of the judgment of the board as to whether the justification of a surety was in accordance with the statute.

ID. — CONDEMNATION OF LAND — SUBSTANTIAL COMPLIANCE WITH STATUTE — RECORDS OF SUPERVISORS — INDULGENCE OF COURTS. — The laying out of a public highway is a proceeding to condemn land, and the mode is in some sense the measure of the power, and it must appear that the statute has been substantially complied with, to render the proceedings valid; yet the courts make very liberal indulgences in favor of the records of the board of supervisors in such proceedings, which, though of great importance, are usually imperfect.

APPEAL from a judgment of the Superior Court of Ventura County.

The facts are stated in the opinion.

*W. N. Wilde*, for Appellant.

*H. L. Poplin*, for Respondent.

TEMPLE, C. — This appeal is from a judgment in a proceeding to review the action of the board of supervisors of the County of Ventura in laying out a public highway in that county.

The affidavit or petition upon which the writ was issued is not in the record, as the statute does not make that a part of the judgment roll. From the writ we learn that the alleged want of jurisdiction on the part of the board consisted solely in that the petition asking the board to lay out the road did not state the width of the proposed road, and was not accompanied by a bond, as required by section 2683 of the Political Code, and that no bond was approved as required by section 2683 of the Political Code.

The return recites that a petition had been filed, and sets out a bond, the latter not marked filed, but dated some ten days after the petition was filed, the appointment of viewers, and an order approving the report, and "declar-

ing the amount of damage awarded to each non-consent-
ing land-owner, and that the amount awarded was or-
dered set apart from the proper road fund, as directed
by the statute.   As the plaintiff did not accept the award,
the final order declaring the proposed road a public high-
way open to the public was never made.

In the judgment it is adjudged that all the proceed-
ings subsequent to the appointment of viewers "be and
the same are hereby set aside and annulled"; and all
the proceedings prior to and including the qualification
of viewers "be and the same are hereby affirmed."

The alleged defects of jurisdiction, if sustained, would
seem to render the entire proceeding void.   The record
discloses no special attack upon the proceedings subse-
quent to the appointment of viewers, or any attack upon
any part of the proceedings, except as above stated.   It
is not easy, under the circumstances, to understand the
judgment.   But appellant is not aggrieved by that part
which is in his favor, and the defendant has not ap-
pealed.   The proceedings are left still pending with the
report of the viewers made, but not acted upon.   The
writ did not and could not run to the action of the view-
ers.   That could only have been set aside by taking
from it its support by annulling the previous proceed-
ings.   Whether these proceedings are void is the point
of the appeal.

It is well to remember that this is not a proceeding
to condemn land.   By this proceeding no one is or can
be deprived of his property save by his consent.   It
is the exercise of a legislative power, delegated to the
board, though the procedure requires also action of a
*quasi* judicial character.   The legislature might have
conferred the power without the procedure, and without
requiring notice or granting a hearing to property hold-
ers.   It would then have been only a power to determine
whether the land to be taken was needed for public uses,
and the property owner, in the proceedings to condemn
which would follow as a consequence of such determi-
nation, would have his opportunity to be heard.   The

procedure here prescribed leads to but the same determination as to the necessity of taking the land. It was not meant specially for the protection of the individual, but to secure to the public a fair and intelligent use of the power delegated. The mode is here, no doubt, in some sense the measure of the power, and there must, therefore, be a substantial compliance with the conditions prescribed, or the action of the board will be void. Whether there has or has not been a substantial compliance must be determined with a view to the purpose of the limitations. In effect, the statute (Pol. Code, sec. 2681) requires, as a prerequisite to the exercise of this power on the part of the board, a petition signed by at least ten freeholders of the road district in which it is proposed to lay out the road. The next section is as follows: —

"Sec. 2682. Petition must set forth and describe particularly the road to be abandoned, discontinued, altered, or constructed, and if the road is to be altered, laid out, or constructed, the general route thereof, over what lands, who the owners thereof are, whether such of them as can be found consent thereto, and if not, the probable cost of such right of way where such consent is not had, the necessity for and the advantages of the proposed road."

When such a petition has been filed, evidently the conditions have been complied with which were required to set the power in motion, and the board may act. Appellant attempts to import into these requirements a statement as to the width of the road, because in section 2681 of the Political Code the viewers are authorized to report upon the "necessity of a greater or the practicability of a less width of road than petitioned for"; and from the fact that there is no other direction for ascertaining the width, and all roads must have width, and whether this be more or less affects the questions which the board is called upon to determine. This seems quite plausible, but we are not here dealing with a court which is confined to the facts contained in

a written statement, but with a legislative body exercising a power ample as the subject to be dealt with, only as limited by express provision as to the mode. The road must be at least forty feet wide. (Pol. Code, sec. 2681.) The petition was, therefore, for a road at least forty feet wide, even if no width is mentioned.

The statute above shows that the board may fix upon a different width from that stated in the petition, and after the filing of the report of the viewers, the landowners are allowed an opportunity to be heard, and may present their views upon this very subject. The statute is imperfect, and does not expressly prescribe what shall be done in case the board disagrees with the viewers as to the width, or elects to establish a road upon a different route, but still, it is evident that such power is vested in the board.

I think, therefore, although some provisions of the statute were evidently written under the impression that the petition would state the width of the road, yet since the legislature has expressly declared, in section 2682, what the petition must contain to set the power in motion, and does not require such fact to be stated, the failure does not render the proceedings void.

The petition was marked filed a few days before the date of the bond, but both seem to have been presented together. Of course no action was had or asked before the bond was presented, and as shown by the *nunc pro tunc* order, was approved and ordered filed by the board.

This order was complained of, because it was made after service of the writ herein. This was not an attempt surreptitiously to change the record so as to avoid an objection. If the recitals are true, I see nothing wrong in it. Whether it is conclusive is not involved here. The minutes before amendment showed that the bond was ordered filed, and the petition acted upon by the appointment of viewers. In *Humboldt County* v. *Dinsmore*, 75 Cal. 604, these acts seem to have been held to indicate that the bond was approved. While it must appear that the statute has been substantially complied

with, courts make very liberal indulgences in favor of these records, which, although of great importance, seem nearly always very imperfect.

As to the point that the bond was approved, although the sureties had not justified as required by law, it is plainly an irregularity only, and one which did not affect the private rights of the appellant. The validity of the proceedings establishing public highways cannot be made to depend upon the correctness of the judgment of the board as to whether the justification of a surety was in accordance with the statute.

I think the judgment should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.