[No. 19462.    Department One.—June 27, 1895.]

## CATHERINE GEARY, APPELLANT, *v.* BOARD OF SUPERVISORS OF THE COUNTY OF SAN DIEGO, RESPONDENT.

ROADS AND HIGHWAYS—PETITION FOR PRIVATE ROAD—POWER OF SUPERVISORS.—The board of supervisors has no power to create a private road, or take any step therein, until a petition is filed, which petition in form must be in substantial compliance with the requirements of the statute.

ID.—SIGNATURE TO PETITION.—A petition for a private road should regularly be signed by the party who is directly benefited by the laying out of the road.

ID.—NECESSITY OF BOND—COMPLIANCE WITH STATUTE.—A bond must accompany the petition, and it is only when the petition and bond are presented to the board of supervisors that power is vested in them to take affirmative action; and a bond in substantial compliance with the statute is as necessary to vest the board with jurisdiction to act as is a petition in substantial compliance with the statute.

ID.—IRREGULAR BOND—FALSE REFERENCE TO PETITION.—A bond which appears upon its face to be given upon a petition for a private road by

a party who is not a signer to the petition, and which in no way refers to the petition, upon which the proceedings were inaugurated, is wholly void as a bond to support the petition, and does not give the board of supervisors jurisdiction of the proceedings.

ID.—OMISSION OF NECESSARY CONDITION IN BOND.—A bond supporting a petition for a private road, which omits the condition provided for in section 2692 of the Political Code, that the bondsmen will pay to the person over whose land said road is sought to be opened his necessary costs and disbursements in contesting the opening of the road in case the petition be not granted and the road finally not opened, is fatally defective.

ID.—AMENDMENT OF BOND—PREVIOUS ACTS NOT VALIDATED.—A fatally defective bond cannot be cured by amendment so as to validate previous acts of the board done without jurisdiction.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*W. T. McNeally*, for Appellant.

The proceedings were not valid, because they were not commenced by a petition in writing signed by the party for whose convenience and accommodation the road was laid out, and therefore the board had no jurisdiction. (Pol. Code, secs. 2681, 2692; Elliott on Roads and Streets, 249, 250; *State* v. *Morse*, 50 N. H. 9; *State* v. *Ottoe County*, 6 Neb. 129; *State* v. *Berry*, 12 Iowa, 58; Freeman on Judgments, 185, 188; *Pryor* v. *Downey*, 50 Cal. 388, 399, 407; 19 Am. Rep. 656; *Minard* v. *Douglas County*, 9 Or. 211; *King* v. *Benton County*, 10 Or. 513; *Nischen* v. *Hawes* (Ky., April 6, 1893), 21 S. W. Rep. 1049; *Hill* v. *Board, etc.*, 95 Cal. 242.) The objection that Wilson did not sign the petition was not waived, he being a necessary petitioner, without whom the board had no jurisdiction. (*Wells* v. *Rhodes*, 114 Ind. 467; *Nischen* v. *Hawes, supra; Brush* v. *Detroit*, 32 Mich. 43; *King* v. *Croak*, Cowp. 26, 30; *Dwight* v. *City Council*, 4 Gray, 107.) The bond filed with the petition was defective in not containing the condition prescribed in section 2692 of the Political Code. Both of the bonds referred to a petition of J. F. Wilson and others, whereas no such petition was pending. The bond must

accompany and refer to the petition filed. (Pol. Code, sec. 2683.)

*M. L. Ward,* for Respondent.

The petition filed May 10, 1893, conforms to section 2692 of the Political Code, and is properly signed. (*Roosevelt* v. *Kellogg,* 20 Johns. 207; *Sherman* v. *Buick,* 32 Cal. 242; *Brenham* v. *Story,* 39 Cal. 179; *Monterey County* v. *Cushing,* 83 Cal. 507; *Butchers' etc. Assn.* v. *City of Boston,* 139 Mass. 290; *Minard* v. *Douglas County,* 9 Or. 211; *King* v. *Benton County,* 10 Or. 513; *Humboldt County* v. *Dinsmore,* 75 Cal. 604, 607; *Hogenmeyer* v. *Mendocino County,* 82 Cal. 218; *Farmers' etc. Bank* v. *Board, etc.,* 97 Cal. 326.) The petition, though defective, confers jurisdiction, and its sufficiency cannot be collaterally questioned. (*Ricketts* v. *Spraker,* 77 Ind. 371, 374; *Muncey* v. *Joest,* 74 Ind. 409; *Stoddard* v. *Johnson,* 75 Ind. 20.) The objection that Wilson did not sign the petition was not made before the board of supervisors, and was therefore waived. (Elliott on Roads and Streets, 256, and cases cited; *Wells* v. *Rhodes,* 114 Ind. 467; *Palmer* v. *Clement,* 49 Mich. 45; *Bacheler* v. *New Hampton,* 60 N. H. 207.) The board had the power to permit an amended bond to be filed, and, as the objection to the bond was not taken before the board of supervisors, it was waived. (Elliott on Roads and Streets, 256; *Wedel* v. *Herman,* 59 Cal. 507, 516; *Deady* v. *Townsend,* 57 Cal. 298, 299.)

GAROUTTE, J. — The proceedings upon which this action is based were commenced before the board of supervisors of San Diego county for the purpose of creating a private road. By a writ of review these proceedings were brought before the superior court and there held to be valid. This appeal is taken from such adjudication.

1. It appears, both by the petition and the order of the board of supervisors laying out the road, that the proceedings were inaugurated for the benefit of one

J. F. Wilson, in order that he might secure a way of access to his farm. Wilson is not one of the signers to the petition for the road, and it is insisted that, under section 2692 of the Political Code, one party at least who is directly benefited by the laying out of the road must sign the petition. Such a course certainly would be the better practice, and it is somewhat anomalous that Wilson, the party directly interested, did not indicate his assent to the proceedings by attaching his name to the petition; but we think the proceeding is void for other reasons, and therefore do not find it necessary to give a construction to section 2692 of the Political Code in this regard.

2. As is said in *Hill* v. *Board of Supervisors*, 95 Cal. 242, the mode prescribed by the statute for the laying out of roads is to some extent the measure of the power of the board of supervisors. The board cannot take a step until a petition is filed, which petition in form must be in substantial compliance with the requirements of the statute. But even when the petition is filed some thing more must be done before the board can act. A bond must be filed. Section 2683 of the Political Code declares that a bond must accompany the petition, and it is only when the petition and bond are presented to the board of supervisors that power is vested in it to take affirmative action. A bond in substantial compliance with the statute is as necessary to vest the board with jurisdiction to act as is a petition in substantial compliance with the statute. At the time the petition was presented a bond in the amount of fifty dollars accompanied it, which recited: "The condition of this obligation is such that, whereas James F. Wilson and others have petitioned the board of supervisors of San Diego county, state of California, for a private highway, the probable cost of viewing, laying out," etc. By its face the bond appears to be given upon a petition for a private road by James F. Wilson and others, and in no way refers to the petition upon which the proceedings in this case were inaugurated. Wilson is not a signer

to the petition here involved, and such reference being
the only mark of identification found in the bond, we
must assume that the bond was intended to accompany
some other petition.  We think it wholly void as a bond
to support the petition in this case, and in no degree
assisted the board of supervisors in securing jurisdiction
of the proceeding.

3.  Again, as a bond supporting any petition for a pri-
vate road it was fatally defective.  There was no con-
dition in the bond as provided in section 2692 of the
Political Code, viz: " The bondsmen will pay to the per-
son over whose land said road is sought to be opened
his necessary costs and disbursements in contesting the
opening of such road, in case the petition be not granted
and the road finally not opened."  The foregoing is a
necessary and essential condition of every bond accom-
panying a petition for the laying out of a private road.
At a very late stage in the progress of the proceedings
the defect in the bond in this regard was attempted to
be cured by filing an amended bond.  We think nothing
was gained by such a course.  If a valid bond was neces-
sary to give the board jurisdiction to act at all, we do
not see how an amended bond could validate previous
acts of the board done without jurisdiction.  We do not
see how a fatally defective bond could be cured by an
amendment at this stage of the proceedings any more
than a fatally defective petition could be cured at that
time.

For the foregoing reasons we think the proceedings
of the board in laying out this road were had without
jurisdiction, and therefore void.

The judgment is reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.