[Nos. 3 and 9. Second Appellate District.—June 14, 1905.]

## COUNTY OF SAN LUIS OBISPO, Respondent, v. MAN-UEL MACHADO SIMAS et al., Appellants.

EMINENT DOMAIN—PUBLIC ROAD—ACTION BY COUNTY—PLEADING—PROOF—MANNER OF CONSTRUCTION.—In an action by a county to condemn land for a public road it is not necessary either to plead or to prove the manner in which it is proposed to construct the road.

ID.—QUALIFICATIONS OF PETITIONERS FOR ROAD—SUFFICIENCY OF COMPLAINT.—Where the complaint shows that ten of the petitioners for the road are freeholders who will be accommodated by the road, and that two of them are residents of the road district, who are taxable therein for road purposes, it properly states the qualifications of the petitioners within the terms and meaning of section 2681 of the Political Code.

ID.—INTERMEDIATE ORDERS OF SUPERVISORS—REVIEW—COLLATERAL ATTACK—DISREGARD BY COURT.—None of the intermediate orders or proceedings of the supervisors between the filing of the petition and bond and the order to the district attorney are reviewable or subject to collateral attack in the action to condemn land for the road; but they must be disregarded by the court under section 2690 of the Political Code.

ID.—JUDGMENT ON PLEADINGS—NONSUIT—WAIVER OF NOTICE—APPEARANCE.—Where the complaint was sufficient, in containing all of the matters required by section 1244 of the Code of Civil Procedure, and where all of its averments were proved and found, except notice of the time and place fixed by the board for hearing the report, which, however, is shown to have been waived by appearance of appellants thereat and their participation therein, their motions for judgment on the pleadings and for a nonsuit were properly denied.

ID.—ORDER SETTING APART FUNDS BY TREASURER NOT ESSENTIAL.—An order of the board requiring the treasurer to set apart funds sufficient to satisfy the award is not material under section 2690 of the Political Code, and its obedience is not essential in determining jurisdiction, though the record sufficiently shows a compliance with such order.

ID.—VALIDITY OF DECREE—ABSENCE OF HEARING—RECITAL IN ORDER FILED—PAYMENT INTO COURT—ERROR NOT PREJUDICIAL.—The final decree is not void, though erroneous, for want of an opportunity and notice of hearing; and such error is not prejudicial where the order filed with the clerk recites that it was made in court, and previous payment of the money into court, the only fact necessary to be established at the hearing, is conceded in the bill of exceptions.

ID.—ORDER FOR POSSESSION—PENDENCY OF APPEAL—AMENDMENT OF
CODE.—Since the amendment to section 1254 of the Code of Civil
Procedure, an order for possession after payment of the money
into court may be made pending an appeal from the decree of
condemnation; and it was not error to refuse to permit proof of
the appeal in making the order.

ID.—CONDEMNATION OF SEPARATE PARCELS—ORDER REFUSING SEPARATE
TRIALS—DISCRETION OF COURT.—Under section 1244 of the Code
of Civil Procedure, where separate parcels lying in the county are
sought to be condemned by the county for a public road, the court
has discretion to grant or refuse separate trials; and an order
refusing separate trials will not be reviewed where no abuse of
discretion appears.

ID.—TRIAL WITHOUT SEPARATION—PEREMPTORY CHALLENGES.—The
trial having been ordered to proceed without separation, the right
of the defendants to peremptory challenges was limited to four,
in which all defendants must join.

ID.—VIEW OF LAND BY JURY—CONSENT OF ONE JOINT OWNER—AC-
QUIESCENCE IN ABSENCE OF JUDGE.—Where one of two joint owners
of a tract representing the tract at the trial, in the absence of
the other owner, consented to a view thereof by the jury, and
made no objection to the statement of the judge that he would
not attend the view, and did not formally request such attendance,
there was no prejudicial error in the absence of the judge from
the view. The acquiescence of such joint owner in the action of
the court was in the exercise of a right or privilege he had to
have such view, if no injury is shown to have resulted to the
absent owner from the order.

ID.—INSANITY OF ABSENT OWNER—OFFER OF PROOF AFTER VERDICT—
FINDINGS AND JUDGMENT.—The rights of the parties are to be
determined as they existed at the time of the submission of the
cause to the jury; and after such submission and the verdict of
the jury an offer to prove that the absent owner was insane cannot
constitute an objection to the signing and filing of findings and
judgment and the entry of judgment.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County and from a final order of condemnation,
and from an order staying proceedings and letting plaintiff
into possession, and separate appeal from an order denying
a new trial.  E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

F. A. Dorn, and William Shipsey, for Appellants.

The defendants, owning several tracts, were entitled to
separate trials on the question of damages to each separate

tract.  (Code Civ. Proc., sec. 1244, subd. 5; 19 Ency. of Plead. & Prac., 536; *Judson* v. *Malloy*, 40 Cal. 299; *Clay County Land Co.* v. *Wood*, 71 Tex. 460, 9 S. W. 340.)  Each party owner of several tracts was entitled to four peremptory challenges.  (Code Civ. Proc., sec. 601; 12 Ency. of Plead. & Prac., 483, 484; *Stroh* v. *Hinchman*, 37 Mich. 490; *Hargrave* v. *Vaughn*, 82 Tex. 348, 18 S. W. 695; *Hundhausen* v. *Atkins*, 36 Wis. 518; *Mutual Life Ins. Co.* v. *Hillman*, 145 U. S. 285, 12 Sup. Ct. 909.)

W. H. Spencer, for Respondent.

The court had the right to join all parties whose lands were sought to be condemned by the road.  (Code Civ. Proc., sec. 1244, subd. 5.)  Defendants were expressly limited to four peremptory challenges.  (Code Civ. Proc., sec. 601.)  Defendants having appeared before the supervisors, waived notice, and cannot object to the absence.  (*Kimball* v. *Board of Supervisors*, 46 Cal. 19.)  The court was not required to attend the jury.  (*Toledo etc. Ry. Co.* v. *Dunlap*, 47 Mich. 456, 11 N. W. 271; *Shular* v. *State*, 105 Ind. 289, 55 Am. Rep. 211, 4 N. E. 870; *Hays* v. *Territory*, 7 Okla. 15, 54 Pac. 300; *Moritz* v. *Larsen*, 70 Wis. 569, 36 N. W. 331.)

ALLEN, J.—Plaintiff and respondent had judgment, final order of condemnation, and order letting into possession in this proceeding, brought by the district attorney of San Luis Obispo County, under direction of the board of supervisors, as provided by section 2690 of the Political Code, to condemn a right of way for a public road which such board had theretofore determined should be laid out and opened over the lands of defendants and other persons not parties to this action.  Defendants appeal from the judgment upon the judgment-roll, from the final order of condemnation upon a bill of exceptions, and from the order staying proceedings and letting plaintiff into possession upon a bill of exceptions; and, in case No. 9, from the order of the court denying a new trial.

The entire record in all of the appeals discloses that defendant McKeen owned a tract of land adjoining a tract owned by defendants Simas and Lawrence; that the center line of the proposed road was the dividing line between said

tracts; that the said proposed road continued over lands of the Rice estate, not parties to this action; that after the verdict and judgment, and upon payment into court of the condemnation money, the trial judge, in his chambers adjoining the courtroom, an open door connecting the two, without previous notice being given to defendants of the motion to apply for final order of condemnation, signed such final order, which was immediately filed by the clerk in his office and duly entered; that after such final order was so entered, notice of appeal was given, and a bond for three hundred dollars approved and filed; that thereafter the court, on regular motion, made its order letting plaintiff into possession; that during the progress of the trial defendant Lawrence absented himself therefrom, and no reason therefor being made to appear by proper showing, the court proceeded with the trial. At the conclusion of the oral testimony an order was made permitting the jury to view the premises the subject of litigation under charge of an officer; that upon making such order the court announced that it would not attend such view, and did not. The defendants other than Lawrence consented to such order and action of the court. The attorney for Lawrence, being also the attorney for defendant Simas, objected and excepted on Lawrence's behalf alone to such order and action of the court.

Upon the appeal from the judgment it is urged that the court erred in overruling defendants' demurrer to the complaint, which is claimed to be insufficient in that it did not specify the manner in which plaintiff proposed to construct the road; and upon the appeal from the order denying a new trial error is claimed because the court refused to require plaintiff to state to the jury the manner in which the improvement was proposed to be made. Section 1244 of the Code of Civil Procedure, which undertakes to state what such a complaint shall contain, does not specify this requirement. The proceeding being only for the purpose of acquiring a right of way for a public road, the mere taking of the property, the damage to the remainder by severance alone, questions as to the damage to abutting property on account of subsequent improvement by establishing grades, or otherwise, are matters for determination when such damage is inflicted. To hold otherwise would be to say that before condemnation the supervisors must determine in advance the grades and the

manner of improving all public roads as a condition precedent to condemnation, which we do not think is authorized.

Upon these appeals it is further claimed that the complaint was insufficient to state a cause of action, or to authorize the introduction of testimony, because the complaint did not show that the petitioners for the road possessed the proper qualifications under the statute. The qualifications of the petitioners are determined by section 2681 of the Political Code. This section provides that "Any ten freeholders who will be accommodated by the proposed road, two of whom must be residents of the road district wherein any part of the proposed road is situated, and who are taxable therein for road purposes, may petition," etc. It affirmatively appears from the complaint that ten of the petitioners are freeholders who will be accommodated by the road; that two are residents of the road district, who are taxable therein for road purposes. This, in our opinion, complies with the requirement of the section. The contention of appellants is, that, properly construed and read, the section referred to contemplated that the ten freeholders should be taxable in the district for road purposes. If we are to say that the words "who are taxable therein for road purposes" relate to the ten freeholders, then we have a sentence reading: "Ten freeholders who will be accommodated by the road, who are taxable therein for road purposes." This would be meaningless, as it is the district within which the person should be taxable and not the proposed road. That portion of the sentence referring to the two residents cannot be read as a parenthetical clause for the reason above stated. Without such reading, the section must be construed as requiring only two residents of the district taxable for road purposes and the remainder freeholders only.

Various objections and exceptions are made with reference to the complaint and the rulings of the court upon the admissibility of testimony, based upon the theory that the various orders of the board of supervisors made intermediate the filing of the petition and bond and the order to the district attorney, were without jurisdiction and irregular. None of the intermediate orders or proceedings are reviewable in this action. Section 2690 of the Political Code, authorizing this action, provides that such suit shall be determined by the court or jury in accordance with the rights of

the respective parties as shown in court, independent of said proceedings before the board.   Here, then, is a legislative direction to the court to disregard the intermediate proceedings above referred to.   In addition, such orders and proceedings are to be recognized as a final judgment in another proceeding before a competent tribunal and not subject to collateral attack.   (*County of Sutter* v. *Tisdale,* 136 Cal. 476, [69 Pac. 141].)

Exceptions are urged to the action of the court in refusing judgment upon the pleadings and in denying the motion for a nonsuit.   The complaint contains all of the matters required by section 1244 of the Code of Civil Procedure, which section is found in the title and part of the Code of Civil Procedure which by section 2690 of the Political Code is made the procedure in this class of cases.   The complaint was sufficient, and the court having found all of the allegations to be true, except that no notice was given to nonconsenting landowners, the motion for judgment on the pleadings was properly denied.   The exception above noted, if in any sense material, loses its significance when the record discloses that all of the parties to this appeal appeared at the time and place fixed by the board for hearing the report and participated therein.   This was a waiver of notice.   (*Kimball* v. *Board of Supervisors,* 46 Cal. 19.)   Under former statutes it has been held that setting apart by the treasurer of funds sufficient to satisfy the award of the viewers was necessary to entitle plaintiff to condemn; but under existing statutes (Pol. Code, sec. 2690) the court must disregard all orders before the board.   If an order of the board, therefore, is not material, certainly its obedience would not be essential in determining jurisdiction, even had the legislature required the treasurer to sequester and hold funds, which does not appear in the present law affecting this procedure.   There is sufficient, however, in the record to show that when the order was made a sufficient amount was in the road district fund to cover these damages, and that the same was held by the treasurer a proper length of time for that particular use.

It is next urged that the final decree of condemnation is void, because made without proof, without a hearing, without knowledge of defendants, without a bond, and not in court.   The court having jurisdiction of the action, possessed all

power to hear without determining, or to determine without hearing. (*Ex parte Bennett*, 44 Cal. 88.) If the determination, with or without a hearing, be not justified, it is error only. (*Sherer* v. *Superior Court*, 96 Cal. 654, [31 Pac. 565].) Under our constitution the superior court is always in session. (Const., art. VI, sec. 5; *Falltrick* v. *Sullivan*, 119 Cal. 616, [51 Pac. 947].) The signing of the order under the circumstances of this case was in open court, as recited by the order itself. It became the order of the court and effective as such when filed with the clerk. (*Comstock etc. Co.* v. *Superior Court*, 57 Cal. 625; *Walter* v. *Merced Academy Assn.*, 126 Cal. 586, [59 Pac. 136].) The authority to make such order depended upon proof that the money had been paid into court, or to the clerk, which is its equivalent. To make such an order without notice and opportunity to defendants to be heard was error; but the only fact necessary to be established upon a hearing,—namely, payment,—being conceded by the bill of exceptions, there was no prejudicial error in making the order. No bond is required before making such final order, other than in those cases named in subdivision 5 of section 1248 of the Code of Civil Procedure, of which this is not one.

The right of the court to make the order letting plaintiff into possession pending the appeal is denied. When the money was paid into court it was so paid for the owner, as is required by the constitution. (*Spring Valley Water Works* v. *Drinkhouse*, 95 Cal. 222, [30 Pac. 218].) Its amount had been determined by a valid judgment which had been fully executed. (*Steinhart* v. *Superior Court*, 137 Cal. 578, [92 Am. St. Rep. 183, 70 Pac. 629].) In the case of *City of Los Angeles* v. *Pomeroy*, 132 Cal. 341, [64 Pac. 477], the appeal was taken before payment or final order. Since that decision was made section 1254 of the Code of Civil Procedure has been so amended that as now in force it must be taken as creating an addition to the class of cases theretofore .constituting exceptions to the general stay of proceedings provided for in section 941 of the Code of Civil Procedure. There was no error, therefore, in making the order or in refusing to permit proof of the appeal.

It is urged on this appeal from the motion denying a new trial that the court erred in denying defendants' application

for separate trials and in the refusal of each of defendants' four peremptory challenges. Section 1244 of the Code of Civil Procedure, which controls the procedure in cases of this character, provides (subd. 5): "All parcels lying in the county, and required for the same public use, may be included in the same or separate proceedings, at the option of the plaintiff, but the court may consolidate or separate them to suit the convenience of parties." The discretionary power as to separation being vested in the trial court, and no abuse being apparent, its order will not be reviewed. The reason for the suggestions made in *Judson* v. *Malloy,* 40 Cal. 299, are not shown to exist in this case. The trial having been ordered to proceed without separation the right to peremptory challenges was restricted to four, in which all defendants must join. (Code Civ. Proc., sec. 601.)

There was no error in giving or refusing any of the instructions complained of.

The failure of the court to accompany the jury upon the view is claimed, on behalf of defendant Lawrence alone, as error. The record discloses that Simas and Lawrence were joint owners of the tract; that the latter absented himself from the trial; that at the conclusion of the testimony Simas, one of the joint owners, consented to the view and made no objection to the statement of the court that the judge would not attend the view. No formal request was made for the judge to attend. We perceive no prejudicial error in this failure of the judge to attend the view, whatever may be the effect of a view under section 610 of the Code of Civil Procedure, as to whether or not evidence is necessarily taken on account thereof. It appears that Simas and Lawrence, as joint owners, of necessity were affected alike by the verdict and judgment. By reason of Lawrence's absence the responsibility for the management of their joint defense devolved upon Simas; he acquiesced in the action of the court, and such acquiescence was in exercise of a right or privilege he had to have such view, and no injury is shown to Lawrence as a result of the order.

It is finally urged that the court erred in signing the findings and judgment after counsel for defendant Lawrence had requested time within which to make proof of Lawrence's insanity. The cause had been tried and submitted and ver-

dict returned. The rights of the parties are to be determined as they existed at the time of such submission. (*Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 481, [41 Pac. 328].) Neither party is entitled to have notice or to be present at the signing and filing of findings. (*Hathaway* v. *Ryan*, 35 Cal. 188.) Even in the event of death after verdict or decision, judgment may be entered. (Code Civ. Proc., sec. 669; *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 481, [41 Pac. 328].)

We find no prejudicial error in the record, and the judgment and orders are affirmed.

Gray, P. J., and Smith, J., concurred.