[Civ. No. 190.   Second Appellate District.—March 10, 1906.]

N. W. HODGES, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent; N. W. HODGES, and CAROOLINE HODGES, His Wife, Appellants, v. SOUTHERN PACIFIC COMPANY, Respondent.

Negligence—Injury to Railroad Passenger—Jury Trial—Peremptory Challenges.—In a civil action for damages for alleged negligence of a railroad company causing injury to a passenger, the plaintiff, upon a trial by jury, is entitled to four peremptory challenges only.

Id.—Alighting on Outer Side of Train—Contributory Negligence—Negligence of Conductor—Question for Jury—Error in Instructions.—Where the evidence showed clearly that the facilities for alighting were the same on both sides of the train, it was not contributory negligence for the passenger to alight on the outer side thereof; but the jury should find that the conductor was guilty of negligence in not observing the outer side of the train. It was error for the court to base its instructions solely on contributory negligence, and to take the question of defendant's negligence from the jury.

Id.—Improper Instructions as to Age of Passenger.—An instruction that the jury might consider the age of the injured passenger in determining whether she was negligent in attempting to step from the train after the same was in motion was erroneous, where there was nothing in the evidence to justify it. Her age alone, in the absence of any evidence as to her physical and mental condition, was hardly a circumstance tending to show negligence on her part.

Id.—Inapplicable Instructions—Unreasonable Delay—Cessation of Relation of Common Carrier.—Where the evidence showed that the time of the stoppage of the train was from twenty to twenty-five seconds only, instructions that if the jury find that the accident was the result of unreasonable delay in leaving the train, they should find for defendant,. and that, if they believe from the evidence that a reasonable time had elapsed after the arrival of the train before the injury occurred, then the relation of common carrier between the parties had ceased, and defendant cannot be held liable as a common carrier, were inapplicable and erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   D. K. Trask, Judge.

The following are the instructions referred to in the opinion:

"Instructions given at the request of the defendant:

"II. If you find that the plaintiff was negligent in getting off on the side of the train away from the station and that the proximate cause of the accident was such negligence on the part of the plaintiff in alighting upon the side of the train away from the station, then you should find for the defendant."

"IV. You may take into consideration the age of the plaintiff in determining whether she was negligent in attempting to step from the train after the same was in motion, if you find that the train was in motion at the time plaintiff stepped therefrom.

"V. It is the duty of a passenger upon arriving at destination to leave the train promptly after the arrival of the same and if you find that the accident in this case was the result of unreasonable delay in leaving the train, you should find a verdict for the defendant.

"VI. If you believe from the evidence that the defendant had provided a safe landing place at Alhambra Station for the use of the passengers getting on and off of the cars, it was the duty of any passenger knowing this, or who in the exercise of common prudence should know it, desiring to leave the train, to get off on such landing place; and if plaintiff disregarded this duty and attempted to get off on the other side of the train where there was no such landing place, and thereby caused or contributed to the injury, an action cannot be maintained, and you must find for the defendant. But whether or not the plaintiff was negligent in getting off the train on the side away from the depot is a question of fact, which you are to determine from all the evidence in the case.

"VII. If you believe from the evidence that the trainmen were upon the side of the train next to the station for the purpose of ascertaining whether all passengers had alighted and that plaintiff was aware of such fact but disregarded the same and attempted to get off on the platform on the side where there were no trainmen and thereby caused or contributed to the injury, you must find for the defendant."

"IX. If you find that the plaintiff was acquainted with the location of the station and the habits of the trainmen to

get off on that side to ascertain by an examination of that side of the train whether the passengers had all alighted and that the cause of the injury was the fact. that the plaintiff alighted from the other side of the train, then you should find for the defendant.''

"XI.   If the jury believes from the evidence that the train had arrived at the destination of the plaintiff and a reasonable time had elapsed for plaintiff to alight from the cars after the arrival before the injury to plaintiff had occurred, then the relation of a common carrier between the parties had ceased and defendant cannot be held liable as a common carrier.''

The further facts are stated in the opinion of the court.

Valentine & Newby, for Appellants.

J. W. McKinley, for Respondent.

SMITH, J.—Two cases are involved in this appeal: The one by N. W. Hodges for injuries to his wife received by her in alighting from the defendant's train; the other by his wife for the same injuries.   The two cases were by stipulation tried by the one jury, who returned a verdict for the defendant.   The plaintiff appeals from the judgment thereon entered, and from an order denying her motion for a new trial.

One of the points urged by the appellant is that the court erred in holding that the plaintiffs were entitled to four peremptory challenges only.   But in this there was no error. (*San Luis Obispo* v. *Simas,* 1 Cal. App. 175, [81 Pac. 972].)

Other points urged are: That the evidence was insufficient to justify the verdict; and that certain instructions were erroneous.   The former point, under the view we take of the case, need not be determined, but it will be proper, with a view to a consideration of the instructions, briefly to state the case as shown by the evidence.

The accident occurred at Alhambra in the county of Los Angeles.   There are three tracks running east and west in front of the station, the main track being in the center.   The ground between the platform at the station and the outer rail of the outer track has been leveled and oiled.   The ground beyond the outer rail is on the same level, but has not been so

treated.   Mrs. Hodges alighted on the outer side of the outer
track.   Another train was standing on the main track in the
vicinity of the station.   Mrs. Hodges was traveling with her
husband, her daughter and the son of the latter, six or seven
years old.   All these, except the boy (who was not a witness),
testify that upon the arrival of the train at Alhambra they
"gathered their traps" and proceeded with all haste to the
rear end of the car for the purpose of alighting; that the
daughter had alighted and taken the boy off, and that Mrs.
Hodges was standing on the lower step and about to step off,
when the train started without signal or notice, by which she
was thrown to the ground and injured.   This testimony is
uncontradicted, except possibly by the testimony of one of the
witnesses, Mrs. Morrissey, who could see the car from the
window of her house, and who testified that as the child was
taken off Mrs. Hodges "seemed to hesitate . . . perhaps a few
seconds as to . . . whether she was going to jump or stay on,
and she seemed to jump when the train had got started; . . . I
think the car remained there about twenty seconds before I
saw anyone come out of the door."   Mr. and Mrs. Hodges and
their son, William L. Hodges, also testify that it was custo-
mary for passengers to alight on the north or outer side of the
three tracks: The first saying that as many as one-third of the
passengers did this; the second that "the trainmen always get
off on the side next to the station, but the passengers don't
always"; and the third that "there are a great many people
get off the north side of the car"; nor was there any contradic-
tion of this evidence.

The evidence of the defendant—so far as necessary to refer
to it—consisted of the testimony of the witness already re-
ferred to, and of Bassett, the conductor, Chambers, the loco-
motive engineer, and Hanscomb, the business agent of the
company.   Bassett testifies that on the day in question "we
made the usual stop there at the station"; which was "at the
sidetrack and the station altogether about four minutes"; and
also that he and the brakeman were on the depot side of the
tracks and looked to see whether any passengers were getting
off, but that they did not look on the other side of the train.
Chambers testifies that "on that day from the time I arrived
at . . . the west switch and cleared the east switch I was
there four minutes."   Hanscomb testifies that the stoppage in

front of the station was "twenty or twenty-five seconds," and
that the usual·stoppage was "from fifteen to thirty seconds."
It thus appears from the testimony of Hanscomb and that of .
Mrs. Morrissey, that the stoppage in front of the station upon
the occasion of plaintiff's alighting was "twenty or twenty-
five seconds," or, at the utmost, thirty seconds. Nor is the
testimony of Bassett and Chambers inconsistent with this fact.

The second, sixth, seventh and ninth instructions, we think,
were all erroneous. We are not prepared to hold that on the
evidence the jury would have been justified in finding it to
be negligence for the plaintiff to alight on the side of the train
away from the station. But however this may be, it is clear
from the evidence that the facilities for alighting were sub-
stantially the same on both sides of the train, and that the
act of Mrs. Hodges in alighting on the outer side of the train
could in no way have contributed to the accident, unless upon
the theory of the defendant that she might have received warn-
ing from the conductor had she alighted on the other side.
But we do not think this position can be maintained; but,
rather, we are of the opinion that, upon the circumstances
shown by the evidence, the jury would have been justified in
finding that the conductor was guilty of negligence in not ob-
serving the outer side of the train, and that it would have been
hardly justified in finding the contrary. But here the ques-
tion is taken from the jury, who are instructed, in effect, that
if they find in accordance with the defendant's theory they
must find for the defendant.

The fourth instruction, though perhaps not sufficient to
reverse the case, is objectionable. The age of the plaintiff, in
the absence of any evidence as to her physical and mental
condition, was hardly a circumstance tending to show negli-
gence on her part; nor is there anything in the evidence to
justify this instruction.

Instructions V and XI are also objectionable. As to the
former, there was no evidence in the case tending to show that
there was unreasonable delay on the part of the plaintiff in
leaving the train; rather the contrary is shown by the time
of the stoppage of the train, which was from twenty to twenty-
five seconds only. Nor was there anything in the evidence to
justify either of these instructions. Nor are we prepared to  .
say, as a matter of law, that the relation of common carrier

between the parties ceases upon the arrival of the train at the point of destination and the expiration of twenty-five or thirty seconds, or even four minutes thereafter.

The judgment and order appealed from are reversed.

Allen, J., and Gray, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1907.