[Civ. No. 760.   Second Appellate District.—March 15, 1910.]

# COUNTY OF SANTA BARBARA, Respondent, v. MARY M. YATES, Appellant.

EMINENT DOMAIN—RIGHT OF WAY FOR PUBLIC ROAD—PETITION FOR OPENING—BOND TO SUPERVISORS NOT ASSAILABLE COLLATERALLY.— In a proceeding in eminent domain by a county to condemn a right of way for a public road, the bond given to the supervisors in connection with the petition to them for the opening of the road cannot be collaterally assailed for any defect therein.

ID.—SUFFICIENCY OF PRELIMINARY STEPS—JURISDICTION OF SUPERVISORS. While the law requires preliminary steps to be taken before the board of supervisors prior to maintaining an action by the county to condemn property of nonconsenting land owners, jurisdiction to determine the sufficiency of such steps, or whether they have been properly taken, is vested solely in the board of supervisors.

ID.—FINAL JUDGMENT OF BOARD—ORDER TO COMMENCE ACTION TO CONDEMN.—The determination by the board as to the sufficiency of preliminary steps must be deemed the final judgment of a competent tribunal in a proceeding entirely distinct from the action to condemn. The order directing the district attorney to institute the action to condemn is in the nature of a final judgment adjudicating upon the sufficiency of all prior proceedings requisite to the making of the order.

ID.—REVIEW LIMITED TO CERTIORARI.—If the proceedings be irregular, or any essential step therein be wanting, objection thereto should be taken by obtaining a review upon *certiorari* of such proceedings in the proper court.

ID.—INFORMALITY NOT VITIATING SUIT TO CONDEMN—CONCLUSIVE PROOF. Under section 2690 of the Political Code, "no informality in the proceedings of the board shall vitiate said suit [to condemn], but the order of the board directing the district attorney to bring suit shall be conclusive proof of the regularity thereof."

ID.—IMMATERIAL ADDITION TO BOND—SURPLUSAGE.—An additional insertion in the bond for the opening of the road, which is otherwise regular in form, to the statutory words "will pay all costs of viewing and surveying in case the prayer of the petition shall not be granted," of the words ."and the said road finally not opened," is of mere surplusage, and does not add nor detract from the liability of the bondsmen. The bond could have reference to no road other than that indicated by the petition with which the bond was filed.

ID.—IRREGULARITY NOT AFFECTING PRIVATE RIGHTS.—The alleged defect in the addition to the bond is at most a mere irregularity, which did not affect the private rights of the appellant whose property was condemned for a right of way for the road.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  Samuel E. Crow, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

W. S. Day, District Attorney, and Wm. G. Griffith, for Respondent.

SHAW, J.—This is a proceeding instituted by the county of Santa Barbara to condemn a right of way for a public road. Mary M. Yates, one of the defendants in the proceeding, appeals upon the judgment-roll accompanied by a bill of exceptions from the judgment of condemnation.

The sole question presented for consideration is the alleged insufficiency of the bond which, under the provisions of section 2683, Political Code, is required to accompany the petition for the opening of the road.  This section provides that "the petitioners must accompany the petition with a good and sufficient bond, to be approved by the board of supervisors, in double the amount of the probable cost of the viewing and laying out or altering of any road, conditioned that the bondsmen will pay all the costs of viewing and surveying in case the prayer is not granted."

The bond presented with the petition was conditioned that the bondsmen "will pay all the costs of viewing and surveying in case the prayer of said petition is not granted, *and the said road finally not opened.*"  It is contended that the insertion in the bond of the words italicized renders the bond void, and that the defect appearing in the bond itself, objection thereto may be taken collaterally in the proceeding to condemn the property.  Conceding the bond to be defective as claimed, we are, nevertheless, of the opinion that objection thereto upon such ground cannot be raised collaterally.  While the law requires certain preliminary steps to be taken before the board of supervisors prior to the maintenance of an action to condemn the property of nonconsenting land owners, jurisdiction to determine the sufficiency of such steps, or whether they have been properly taken, is vested solely in the board of supervisors.  Its determination therein must be deemed the final

judgment of a competent tribunal having jurisdiction in a proceeding entirely distinct and separate from the action to condemn. The order directing the district attorney to institute the action is in the nature of a judgment adjudicating upon the sufficiency of all prior proceedings requisite to the making of the order. If the proceedings be irregular, or any essential step therein wanting, objection thereto should be taken by obtaining a review upon *certiorari* of such proceedings in the proper court. Not only is this rule prescribed by section 2690 of the Political Code, which provides that "no informality in the proceedings of the board shall vitiate said suit, but the said order of the board directing the district attorney to bring suit shall be conclusive proof of the regularity thereof," but it finds ample support in the authorities. (*Humboldt County* v. *Dinsmore,* 75 Cal. 604, [17 Pac. 710]; *County of Siskiyou* v. *Gamlich,* 110 Cal. 94, [42 Pac. 468]; *County of San Luis Obispo* v. *Simas,* 1 Cal. App. 175, [81 Pac. 972]; *County of Sutter* v. *Tisdale,* 136 Cal. 474, [69 Pac. 141].) In the case last cited it is said: " . . . the form of the bond which was presented with the petition . . . became immaterial, and evidence in reference thereto . . . was properly excluded by the court." In *San Luis Obispo* v. *Simas,* 1 Cal. App. 175, [81 Pac. 972], it is said that "none of the intermediate orders or proceedings are reviewable in this action," which "shall be determined by the court or jury in accordance with the rights of the respective parties as shown in court, independent of said proceedings before the board." While the taking of the preliminary steps required should be alleged in the complaint, it seems that the order directing the bringing of the action is in itself proof of the regularity of such proceedings.

Moreover, we are of the opinion that the bond in form is in substantial compliance with the requirements of the statute. There is no merit in appellant's contention that adding the words "and the said road finally not opened" renders the bond void for the reason that it lessens the liability of the bondsmen. The added condition is mere surplusage; the words neither add to nor detract from the liability of the bondsmen. Their obligation is to pay the costs of viewing and surveying if, after such examination and survey, the board shall deem it inadvisable to grant their petition, the granting of which

would be equivalent to the opening of the road.    If the petition be denied, such denial constitutes a final disposition of the proceedings thereunder for the opening of the road, and their liability would attach at once.    The proceedings being at an end, the road could not be finally or otherwise opened thereunder.    It is idle to claim that the bondsmen would be released from liability because, after their petition was denied, a road covering the same territory might be opened under a dedication or purchase.    The bond could have reference to no road other than that opened in the proceeding initiated by the petition with which the bond was filed, and to which it referred.    At most, the alleged defect constitutes a mere irregularity, which did not affect the private rights of appellant. (*Hill* v. *Board of Supervisors,* 95 Cal. 239, [30 Pac. 385].)

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 14, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1910, and the following opinion was then rendered thereon:

THE COURT.—The petition for an order transferring this cause to the supreme court for a rehearing is denied.    This order is not to be understood as an approval of that part of the opinion of the district court of appeal holding that the alleged defect in the bond accompanying the road petition cannot be questioned collaterally.    We consider the bond sufficient for the reasons stated in the last paragraph of the opinion of the district court of appeal.    Hence the question whether a material defect therein would make the proceeding void on the face of the record is not involved, and the part of the opinion relating to collateral attack is unnecessary to the decision.