[Civ. No. 4876. Fourth Dist. Aug. 19, 1955.]

COUNTY OF SAN DIEGO, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation) et al., Defendants; DOLL L. JACKSON, Appellant.

*Assigned by Chairman of Judicial Council.

144

Thomas Whelan for Appellant.

James Don Keller, District Attorney (San Diego), and Robert G. Berrey, Deputy District Attorney, for Respondent.

SHELL, J. pro tem.*—Appellant was, on May 7, 1952, the owner of 22.10 acres of land lying in the Sweetwater River Valley in San Diego County. On that day, this action in eminent domain was filed in the Superior Court of San Diego County by the plaintiff county seeking possession of and title to portions of the property of numerous defendants for the purpose of construction of a county road. Possession of .82 acres of appellant's property was taken on May 7, 1952, and that date is conceded to be the date of valuation.

The property of Stanley Marshall, a codefendant, and that of appellant, were designated as Parcels 1 and 2, respectively. Mr. Marshall has not appealed from the judgment of the trial court. We are concerned here only with the appeal of Doll L. Jackson.

On March 11, 1953, after due notice to appellant and his

*Assigned by Chairman of Judicial Council.

codefendant Marshall, the superior court granted the county's motion to strike certain portions of appellant's answer and a motion to consolidate the trials as to appellant's property and defendant Marshall's property. However, the case was first tried with respect to Parcel 2, owned by appellant, during April, 1953, it being shown at that time that defendant Marshall was unable to be present by reason of illness. Following that trial appellant moved for a new trial, which motion was granted unless the county would consent to an increase in the award made by the jury. The county declined to consent to such increase and a new trial was ordered.

In January, 1954, the action was tried before a jury, as to Parcels 1 and 2, after the court denied appellant's motion for a separate trial, which motion had been noticed for hearing at the same hour that the case had been set for trial. Judgment was entered January 27, 1954, and has become final as to Parcel 1, owned by the defendant Marshall. Appellant Jackson, owner of Parcel 2, appeals from the judgment. In the interval between the first and second trials the new road was constructed by the county.

Appellant urges that:

I. The trial court erred in denying his motion for separate trial.

II. The jury's award and the judgment are inadequate as compensation to him.

III. The trial court erroneously excluded defendant's exhibit ''B'' for identification.

IV. The trial court erroneously excluded defendant's exhibit ''C'' for identification.

As to ·contention I it is conceded that the determination of a motion for separate trial rests in the sound discretion of the trial court, but appellant says that in this instance the trial court abused its discretion in denying a separate trial. He insists that an appellate court must, in determining that question, look only to the showing made by the moving party and his opponent at the time of hearing of the motion.

The affidavit of Thomas Whelan in support of appellant's motion for separate trial states that he sent word to defendant Marshall on January 4, 1954, that he desired Marshall to come to his office for the purpose of discussing with Mr. Whelan matters pertaining to the impending trial of the case; that on January 6th Marshall came to Mr. Whelan's office, but refused to discuss the case with Mr. Whelan in appellant's presence; that he, Mr. Whelan, did discuss with

Marshall, in the absence of appellant, matters pertaining to the trial; that it is his belief such discussion involved a confidential relationship, but that from such discussion, it is Mr. Whelan's opinion that "there will be a conflict in interest and a conflict in testimony between defendants Marshall and Jackson concerning land values, and other matters affecting land values. . . ."

Appellant's affidavit in support of the motion for a separate trial, so far as it may be in any way material, says that the action was separately tried as to the properties of three other owners named in the same action; that after talking with Mr. Marshall, he, appellant, is of the opinion that neither he nor his counsel can agree with Marshall as to the management of the defense, or in respect to questions of law arising during the trial; that Marshall refused to accompany him to Mr. Whelan's office; that on January 6, 1954, Marshall refused to discuss the impending trial with Mr. Whelan in appellant's presence; that in his opinion there is no relationship between his property and that of Marshall; that Marshall has failed to prepare his case for trial and has failed to employ an appraiser; that appellant "believes" that Marshall hopes to obtain the benefits that will accrue to both because of appellant's employment of counsel and of an appraiser, and appellant's procurement of expert testimony; that Marshall has informed him of the contentions he will make at the trial; that it is "certainly not probable" that appellant's case can be tried by his counsel without disagreement with Marshall as to the management of the defense and the presentation of evidence; that it is certain that there will be disagreements between Mr. Whelan and Marshall as to grounds of objection to plaintiff's evidence, as to evidence to be adduced on behalf of defendants and as to charges proposed to be given to the jury; that it is grossly unfair to him that his case be tried with that of Marshall; that he has paid and will pay for professional services rendered him in the preparation and presentation of his case; that he believes Marshall hopes to benefit therefrom "up to a point" and will thereafter pursue his own course in a matter detrimental to appellant's interest and will basically disagree with appellant's testimony regarding property values.

On these two affidavits appellant bases his claim of an abuse of discretion. The only statements contained in them as to probative facts are that Marshall delayed several days in coming to Mr. Whelan's office at appellant's request;

that when he did come to Mr. Whelan's office he refused to discuss the case in appellant's presence; and that Marshall had not employed counsel, appraisers, or expert witnesses to assist in the presentation of the case upon the trial. The other statements made in the affidavits are mere conclusions. They are no more than mere predictions of prejudice. We cannot say that the trial judge could not have reasonably reached the conclusion that the affidavits failed to establish good cause to order separate trials.

Appellant's motion was made pursuant to section 1244, subdivision 5, of the Code of Civil Procedure, which provides:

". . . All parcels of land, or other property or interest in or to property, lying in the county, and required for the same public use, may be included in the same or separate proceedings, at the option of the plaintiff, but the court may consolidate them or separate them to suit the convenience of the parties. . . ."

Appellant relies upon the case of *Judson* v. *Malloy,* 40 Cal. 299. That case, no doubt, was controlling until the enactment of section 1244 of the Code of Civil Procedure in 1872. Since *Judson* v. *Malloy* was decided in 1870, it could not have been in contemplation of the code section. If it should now control, there would be no discretion in the trial court to deny a motion for separate trial and would completely negate the provision of section 1244 giving the court discretion to consolidate or sever such causes of action. After first conceding that such discretion is in the court, by its reliance upon *Judson* v. *Malloy,* appellant in effect assumes the position that it was mandatory for the court to grant the motion.

The case of *County of San Luis Obispo* v. *Simas,* 1 Cal. App. 175 [81 P. 972], a condemnation case, approved an order of the trial court denying a motion for separate trials. In *County of Sacramento* v. *Glann,* 14 Cal.App. 780, 789, 790 [113 P. 360], the court, referring to *County of San Luis Obispo* v. *Simas, supra,* says:

". . . the order of the trial court in refusing separate trials was challenged, and it was therein held that 'the discretionary power as to separation being vested in the trial court, and no abuse being apparent, its order will not be reviewed.' The court assumed that there was no question that said section includes the case of several defendants owning different parcels in the same county."

We find no later case construing section 1244, subdivision 5, of the Code of Civil Procedure.

■ When an attack is made upon a discretionary procedural order of the court, we may deduce that the order was not made in the exercise of sound discretion if the record of the trial indicates that such order resulted in probable or possible prejudice to a party. We have searched the record here for any instance of disagreement between appellant and Marshall as to the management of the defense or as to questions of law arising during the trial. We find none. The reporter's transcript shows that Marshall made no objections during the trial, he challenged no prospective juror, counsel for appellant was not restricted in cross-examination of Marshall or Marshall's witness, and Marshall offered no instructions. Appellant's counsel during the trial suggested to the court that by reason of Marshall's status as owner he was entitled to give his opinion as to the value of his land, reminded Marshall that he had overlooked testifying concerning the elevation of the road above his land, interposed with the court to assist Marshall, and on cross-examination of Marshall elicited answers amplifying Marshall's claim that the building of the road would result in difficulty in obtaining permits to install an access ramp to the new road and to install water pipes through the road embankment. We are not critical of the assistance thus given to Marshall, but it tends to show that appellant's prediction of prejudice made in his affidavits supporting his motion for separate trial was not realized at the trial.

II. Plaintiff urges that the evidence was insufficient to support the award of compensation by the jury.

Two expert witnesses on behalf of the county testified as to value, damages and special benefits. One of these experts gave his opinion that the value of appellant's property taken was $1,100; that severance damages were in the amount of $550 and that special benefits accrued to appellant's remaining property of a value of $1,000, resulting in a net figure of $1,500 as adequate compensation.

An expert witness for appellant testified that in his opinion the value of appellant's land taken was $2,500, and that severance damages had accrued of a value of $12,500. Appellant himself testified that he was damaged in a total of $30,500, basing this opinion upon the difference between his estimate of a value of $43,000 of all his property, before the taking, and $12,500, the price he actually obtained for his remaining property, after the construction of the road and 16 months after the taking.

The realtor, through whose agency appellant made the sale, stated that he was not familiar with the value of appellant's property as of the date of taking, had made no special investigation of other sales in the vicinity, and that, in his opinion, the price obtained for appellant's property was its fair market value at the time of its sale.

The verdict of the jury found the value of appellant's property taken to be $1,625, severance damages of $650, and value of special benefits to appellant's remaining property to be of a value of $1,000, resulting in a net award to appellant of $1,625. This was $125 more than estimated by one of the county's experts and $525 more than estimated by the other expert, but $13,375 less than estimated by appellant's expert.

The jury visited the premises during the course of the trial. We must infer that the observations made by the jury upon such view constitute independent and substantial evidence which could be considered by the jury in arriving at a verdict. (*Anderson* v. *State,* 61 Cal.App.2d 140 [142 P.2d 88]; *People* v. *Al. G. Smith Co., Ltd.,* 86 Cal.App.2d 308 [194 P.2d 750].)

It is the rule in California that in a condemnation action, in absence of a showing of passion or prejudice, the finding of a jury when supported by substantial evidence will not be set aside on appeal. (*City of Fresno* v. *Hedstrom,* 103 Cal.App.2d 453 [229 P.2d 809]; *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593]; *Santa Barbara County* v. *Hollister Estate Co.,* 111 Cal.App. 564 [295 P. 866]; *County of Los Angeles* v. *Carpenter,* 118 Cal.App.2d 871, 873 [258 P.2d 1056].)

We are unable to draw the inference suggested by appellant from the language used by the trial judge on February 26, 1954, when denying appellant's motion for new trial, that inference being that both the trial court and the jury disregarded the evidence as to value and relied only on the conclusions drawn upon the view of the premises. From the entire statement of the trial judge on that occasion we conclude that he fully agreed with the findings of the jury as to value and damages.

As to appellant's contentions that prejudicial error was committed by the trial court in refusing to admit in evidence defendant's Exhibit "B" for identification and defendant's Exhibit "C" for identification, our examination of those documents in the light of the testimony convinces us that not only was the trial court correct in sustaining objections to their

receipt in evidence, but their receipt in evidence would have been error.

Exhibit "B" for identification was a letter admittedly dictated by Mr. Whelan, signed by appellant, and dated October 19, 1953, 16 months after the taking of the property, to the Chula Vista Branch of the Bank of America National Trust and Savings Association, pertaining to the escrow established with said bank for the sale of appellant's remaining property to a Mr. and Mrs. Dickson. The last paragraph of that letter contained this language:

"It is and has been my contention that the entire tract was damaged by the taking of this right of way and in addition to the $12,500.00 to be paid to me as aforesaid by Mr. Dickson, I am to have and I do reserve the right to collect damages for the taking of the right of way and the severance damages to the balance of the property by reason of that taking. In other words, if my property had not been damaged by reason of the taking of this right of way I would not have sold the entire tract for the sum of $12,500.00 and I want it to be specifically understood by the purchaser, Mr. Dickson, as well as all concerned, that the sum of $12,500.00 to be paid to me for my property is in addition to any recovery I may have or may obtain against the County of San Diego, not only for the taking of the right of way but for severance damages to the remainder of the property."

Appellant urges that this letter should have been admitted in evidence to prove that he, in making the sale to the Dicksons, reserved the right to compensation from the county. That reservation was not contested by the county. The fact that appellant had reserved such right was specifically testified to by him. The two expert witnesses for the plaintiff county also testified that they were aware of such reservation. No evidence to the contrary was presented, and counsel for the county made no contention to the contrary.

Defendant's Exhibit "C" for identification is a document reading as follows:

"C. R. Hanan

"Dear Realtor:

"Your property, listing number 101353 located at 3175 Glenn Abbey, C.V. has been inspected by 9 Realtors of the National City-Chula Vista Realty Board on 9-24-53. Each broker present submitted an estimate of the selling price of this property on today's market. These individual estimates

were then added together and the total divided by the total number of brokers inspecting the property. The medium estimated price was found to be 12,527. We hope this information will assist you in effecting an early sale.

"Yours very truly,
"Lillian Beam/s/
"LILLIAN BEAM, Executive Secretary
"NATIONAL CITY-CHULA VISTA REALTY BOARD."

No citation of authority is needed in support of our conclusion that defendant's Exhibit "C" for identification is hearsay and that the exclusion thereof by the trial court was correct.

We conclude that the court's order denying appellant's motion for a separate trial was properly made in the exercise of a sound discretion; that the evidence is sufficient to sustain the judgment and that no errors resulting in prejudice to appellant were made by the trial court in excluding the proffered exhibits.

The order denying appellant's motion for separate trial, not being an appealable order (Code Civ. Proc., § 963), the purported appeal therefrom is dismissed.

The judgment is affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1955.